1  Scott D. Baker (SBN 84923)
   Ashley L. Shively (SBN 264912)
2  REED SMITH LLP
3  101 Second Street
   Suite 1800
4  San Francisco, CA 94105-3659
   Telephone:  415-543-8700
5  Fax:  415-391-8269
   sbaker@reedsmith.com
6  ashively@reedsmith.com

7  *Attorneys for Defendant*
8  *PNC Bank, National Association*

9  [Additional Counsel Listed on Signature Pages]

10             UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
11                SAN FRANCISCO DIVISION

12

13 | B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET, a Florida corporation; and GROVE LIQUORS LLC, a Florida limited liability company, individually and on behalf of all other similarly situated, | Case No. 3:16-cv-01150-WHA |
|---|---|
| Plaintiffs, | **NOTICE OF MOTION, MOTION OF THE SIX BANK DEFENDANTS - BARCLAYS BANK DELAWARE, CAPITAL ONE FINANCIAL CORPORATION, CITIBANK, N.A. FOR ITSELF, AND AS SUCCESSOR IN INTEREST TO CITIBANK (SOUTH DAKOTA), PNC BANK, NATIONAL ASSOCIATION, USAA SAVINGS BANK AND WELLS FARGO BANK, N.A. - TO DISMISS PLAINTIFFS' COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT** |
| vs. | |
| VISA, INC., a Delaware corporation, et al. | |
| Defendants. | |
|  | Date: June 2, 2016<br>Time: 8:00 am<br>Courtroom: 8<br>Judge:  The Honorable William Alsup |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that on June 2, at 8 a.m. in the courtroom of the Honorable
3  William Alsup, United States District Court for the Northern District of California, 450 Golden Gate
4  Ave., Courtroom 8, 19th Floor, San Francisco, California, Defendants Barclays Bank Delaware,
5  Capital One Financial Corporation , Citibank, N.A. for itself, and as successor in interest to Citibank
6  (South Dakota), N.A., PNC Bank, National Association, USAA Savings Bank and Wells Fargo
7  Bank, N.A. (collectively, the "Six Banks") will, and hereby do, move to dismiss Plaintiffs'
8  Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

9      With this motion, the Six Banks seek an order from the Court dismissing with prejudice
10 Plaintiffs' Complaint as to the Six Banks.

11     This motion is based on this Notice of Motion and Motion, the Memorandum of Law in
12 support thereof, the documents on file with the Court, and such further evidence and argument as the
13 Court may permit.

14     The Six Banks also join in the Joint Motion of all Defendants to Dismiss the Plaintiffs'
15 Complaint filed April 18, 2016 (the "Joint Motion") and adopt and incorporate by reference into
16 their enclosed Memorandum of Law the arguments set forth in the Memorandum of Law in Support
17 of the Joint Motion (the "Joint Brief").

18
19
20
21
22
23
24
25
26
27
28

**STATEMENT OF ISSUE TO BE DECIDED**

Whether Plaintiffs' Complaint should be dismissed as to the Six Banks, because the Complaint does not adequately allege facts that would establish participation in the alleged conspiracy by any of the Six Banks.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
# BY THE SIX BANK DEFENDANTS

Defendants Barclays Bank Delaware, Capital One Financial Corporation[1], Citibank, N.A. for itself, and as successor in interest to Citibank (South Dakota), N.A., PNC Bank, National Association, USAA Savings Bank and Wells Fargo Bank, N.A. (collectively, the "Six Banks") join Defendants' Joint Motion to Dismiss Plaintiffs' Complaint and Memorandum of Law in Support thereof ("Joint Motion and Brief"). While Plaintiffs fail to allege sufficient facts to plausibly suggest a conspiracy among any of the Defendants, the Complaint is particularly lacking in any factual allegations involving the Six Banks.

Central to Plaintiffs' claims is Defendant EMVCo, which according to the Complaint, is "the organization [that] serves as a means through which defendants here have been able to effectuate their conspiracy." Compl. ¶ 20. Defendants Visa, MasterCard, JCB, Discover, and American Express are alleged jointly to own EMVCo. Compl. ¶¶ 6-9 & 21. Certain other Defendants are alleged to have been "Business Associates" or "Technical Associates." *Id.*, ¶¶ 10, 13, and 18. "Owning" or being an "associate" of a company does not support a claim of conspiracy, as explained in the Joint Motion and Brief. But the Six Banks are not even alleged to have any involvement in EMVCo at all. Plaintiffs do not allege that the Six Banks are owners of EMVCo., have any official or unofficial role of any kind at EMVCo., or even that the Six Banks have had any communications with EMVCo. Indeed, there are no *factual* allegations about anything done by any of the Six Banks, much less pleaded *facts* plausibly suggesting their participation in some conspiracy relating to the "liability shift" allegedly effectuated through EMVCo.

The only allegations that even attempt to address the involvement of the Six Banks are that the network Defendants "and the issuing banks" decided to "change the system for handling chargebacks," Compl., ¶ 74[2], and "decreed" that the liability shift would take effect in October 2015.

---

[1] Capital One Financial Corporation, the entity named in the Complaint, is a holding company and not the appropriate defendant here. Capital One Bank (USA), N.A. issues credit cards and should be substituted for Capital One Financial Corporation. Capital One's counsel will discuss this with Plaintiffs' counsel.

[2] "74. But the Networks decided that on October 1, 2015 – by fiat of Visa, MasterCard, American Express and the issuing banks, and without any opportunity for merchants like plaintiffs and the Class members to object or to opt out – the system for handling chargebacks for card present transactions would change dramatically." *Id.*

Id., ¶ 75[3]. Plaintiffs nowhere identify any one of the Six Banks as having decided or decreed anything, or as having communications with any other Defendant about the liability shift or any other topic. In sum, Plaintiffs' allegations amount to no more than conclusory, unsupported allegations that the Six Banks conspired with the other Defendants. As the Joint Motion and Brief makes clear, ample authority in this Circuit compels the conclusion that Plaintiffs have not plausibly alleged any case against the Six Banks.

The only mention by name of each of the Six Banks in the entire Complaint is a single paragraph as to each in the "PARTIES" section of the Complaint. These background allegations regarding the Six Banks are nearly identical[4] and state only the uncontroversial and non-actionable facts that each bank issues credit cards in California and elsewhere; maintains consumer lines of credit associated with credit cards issued to consumers and businesses; that cardholder transactions are processed by the payment card networks; and that the Six Banks are "members" of Visa and MasterCard. Compl., ¶¶ 11, 12, 14-17, & 19.

Plaintiffs' assertions that each of the Six Banks is a "member of both Visa and MasterCard" are meaningless for conspiracy purposes. Simply being a "member" of Visa and MasterCard does not render any Defendant liable for any alleged antitrust violation committed by Visa or MasterCard. Indeed, the Court of Appeals for the Ninth Circuit has recognized that "membership in an association does not render an association's members automatically liable for antitrust violations committed by the association." *Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).

Nor do Plaintiffs' allegations that "the member banks continue to exercise control over Visa and MasterCard" despite having "divested their ownership in Visa and MasterCard through an IPO," suffice to plausibly plead participation by the Six Banks in the alleged conspiracy. Compl., ¶ 24. Not only is the assertion of "control" itself entirely conclusory, but also there are no facts pleaded –

---

[3] "75. In what defendants truthfully enough dubbed a "Liability Shift," the issuing banks and the Networks decreed that, as of that October 1, 2015, liability for billions of dollars of card present chargebacks would shift from the issuing banks to the merchants, unless the merchants could satisfy certain conditions – conditions, it would turn out, which were impossible for the Class members to meet and which the Networks, the Issuing Banks and EMVCo knew were impossible to meet." *Id.*

[4] As to five of the Six Banks, Plaintiffs simply changed the bank names in an otherwise form allegation. This is clear from ¶ 17 of the Complaint, in which Plaintiffs apparently missed changing "PNC" to "USAA."

none – regarding any of the Six Banks (or any other Defendant bank for that matter) (i) having actually exercised any "control" with respect to either Visa's or MasterCard's respective liability shift decisions, *and* (ii) having done so in collusion with other Defendants.

As this Court has held many times, Plaintiffs must, in order to avoid dismissal of conspiracy claims, allege facts sufficient to show that each defendant, including each of the Six Banks, in their individual capacities, consciously decided to join in an anticompetitive conspiracy. *See, e.g., Fenerjian v. Nongshim Co., Ltd*, 72 F. Supp. 3d 1058, 1072 (N.D. Cal. 2014)("[t]o establish that a defendant is a member of a conspiracy, a plaintiff must 'include allegations specific to each defendant alleging that defendant's role in the alleged conspiracy, and must make allegations that plausibly suggest that each Defendant participated in the conspiracy'") (quoting *In re Optical Disk Drive Antitrust Litig.*, Nos. 3:10–md–2143-RS, 3:13–cv–04991–RS, 2014 WL 3378336, at *4 (N.D. Cal. July 10, 2014)); *see also In re TFT–LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (plaintiffs "must allege that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it"). Plaintiffs have utterly failed to allege specific facts about participation in the alleged conspiracy by any of the Six Banks.

For these reasons, in addition to those set forth in the Joint Motion and Brief, Plaintiffs' claims against the Six Banks should be dismissed.

|  |  |
|---|---|
| Dated: April 18, 2016 | Respectfully submitted,<br><br>REED SMITH LLP<br><br>By:   */s/ Daniel I. Booker*<br>       Daniel I. Booker (admitted *pro hac vice*)<br>       dbooker@reedsmith.com<br>       Michelle A. Mantine (admitted *pro hac vice*)<br>       mmantine@reedsmith.com<br>       Conor M. Shaffer (admitted *pro hac vice*)<br>       cshaffer@reedsmith.com<br>       225 Fifth Avenue<br>       Pittsburg, PA 15222<br>       Telephone: 412.288.3131 |

| | |
|---|---|
| | Facsimile: 412.288.3063 |
| | |
| | Attorneys for Defendant |
| | PNC BANK, NATIONAL ASSOCIATION |
| | |
| Dated: April 18, 2016 | SHEARMAN & STERLING LLP |
| | |
| | By:  */s/ James Tallon* |
| | James Tallon |
| | 599 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 848-4000 |
| | Facsimile: (646) 848-4650 |
| | Email: jtallon@shearman.com |
| | |
| | Patrick D. Robbins |
| | Mikael A. Abye |
| | Four Embarcadero Center, Suite 3800 |
| | San Francisco, California 94111-5994 |
| | Telephone: (415) 616-1100 |
| | Facsimile: (415) 616-1199 |
| | |
| | Attorneys for Defendant |
| | BARCLAYS BANK DELAWARE |
| | |
| Dated: April 18, 2016 | HUNTON & WILLIAMS LLP |
| | |
| | By:  */s/ D. Bruce Hoffman* |
| | Susan S. Joo (State Bar No. 260369) |
| | Hunton & Williams LLP |
| | 575 Market Street, Suite 3700 |
| | San Francisco, CA 94105 |
| | Telephone: 415.975.3700 |
| | Facsimile: 415.975.3701 |
| | sjoo@hunton.com |
| | |
| | D. Bruce Hoffman (DC Bar No. 495385) (admitted *pro hac vice*) |
| | Ryan Shores (DC Bar No. 500031) (admitted *pro hac vice*) |
| | Leslie Kostyshak (DC Bar No. 1005462) (admitted *pro hac vice*) |
| | Hunton & Williams LLP |
| | 2200 Pennsylvania Ave. NW |
| | Washington, DC 20037 |

- 4 -

CASE NO. 3:16-cv-01150
NOTICE OF MOTION, MOTION OF THE SIX BANKS TO DISMISS PLAINTIFFS' COMPLAINT, AND
MEMORANDUM OF LAW IN SUPPORT

| | |
|---|---|
| | Telephone: 202.955.1500 |
| | Facsimile: 202.778.2201 |
| | bhoffman@hunton.com |
| | rshores@hunton.com |
| | lkostyshak@hunton.com |
| | |
| | Attorneys for Defendant |
| | CAPITAL ONE FINANCIAL CORPORATION |
| | |
| Dated: April 18, 2016 | SIDLEY AUSTIN LLP |
| | |
| | By:   */s/ Benjamin R. Nagin* |
| | Peter K. Huston (SBN 150058) |
| | 555 California Street, Suite 2000 |
| | San Francisco, CA 94104 |
| | Telephone: 415.772.1200 |
| | Facsimile: 415.772.7400 |
| | Email: phuston@sidley.com |
| | |
| | David Graham (*admitted pro hac vice*) |
| | dgraham@sidley.com |
| | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| | Chicago, IL 60603 |
| | Telephone: 312 853-7000 |
| | Facsimile: 312 853-7036 |
| | Benjamin R. Nagin (*admitted pro hac vice*) |
| | Melissa Colón-Bosolet (*admitted pro hac vice*) |
| | bnagin@sidley.com |
| | mcolon-bosolet@sidley.com |
| | SIDLEY AUSTIN LLP |
| | 787 Seventh Avenue |
| | New York, New York 10019 |
| | Telephone: 212 839-5300 |
| | Facsimile: 212 839-5599 |
| | |
| | Attorneys for Defendant |
| | CITIBANK, N.A. for itself and as successor in interest to CITIBANK (SOUTH DAKOTA), N.A |
| | |
| Dated: April 18, 2016 | BARNES & THORNBURG LLP |
| | |
| | By:   */s/ Bradley R. Love* |
| | Bradley R. Love |
| | Kendall Millard |
| | 11 South Meridian Street |
| | Indianapolis, IN 46204-3535 |

- 5 -

CASE NO. 3:16-cv-01150
NOTICE OF MOTION, MOTION OF THE SIX BANKS TO DISMISS PLAINTIFFS' COMPLAINT, AND
MEMORANDUM OF LAW IN SUPPORT

|   |   |
|---|---|
| 1 | Telephone: 317.236.1313 |
| 2 | Facsimile: 317.231.7433 |
|   | Email: blove@btlaw.com |
| 3 | Email: kendall.millard@btlaw.com |
| 4 | Attorneys for Defendant |
|   | USAA SAVINGS BANK |

Dated: April 18, 2016                MCGUIREWOODS LLP

By:    /s/ David C. Powell
    David C. Powell (CA SBN 129781)
    dpowell@mcguirewoods.com
    505 Sansome Street, Suite 700
    San Francisco, CA 94111
    Telephone: 415.844.1970
    Facsimile: 415.844.9922

    Howard Feller (admitted *pro hac vice*)
    J. Brent Justus (admitted *pro hac vice*)
    Gateway Plaza
    800 East Canal Street
    Richmond, VA 23219

    Attorneys for Defendant
    WELLS FARGO BANK, N.A

- 6 -

CASE NO. 3:16-cv-01150
NOTICE OF MOTION, MOTION OF THE SIX BANKS TO DISMISS PLAINTIFFS' COMPLAINT, AND
MEMORANDUM OF LAW IN SUPPORT

**ATTESTATION**

I, Daniel I. Booker, am the ECF user whose ID and password are being used to file the above NOTICE OF MOTION, MOTION OF DEFENDANTS BARCLAYS BANK DELAWARE, CAPITAL ONE FINANCIAL CORPORATION, CITIBANK (SOUTH DAKOTA), N.A., CITIBANK, N.A., PNC BANK, NATIONAL ASSOCIATION, USAA SAVINGS BANK AND WELLS FARGO BANK, N.A. TO DISMISS PLAINTIFFS' COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each signing counsel above has concurred in this filing.

*/s/ Daniel I. Booker*