1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET, a Florida corporation, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>VISA, INC., a Delaware corporation, et al.,<br><br>     Defendants. | Case No. 3:16-cv-01150-WHA<br><br><u>CLASS ACTION</u><br><br>STIPULATED [~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS |

## I.  PURPOSE

This Order will govern discovery of electronically stored information ("ESI") and hard copy documents in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## II.  COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## III.  LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## IV.  PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  Consistent with the parties' obligations under the Federal Rules of Civil Procedure, the parties will meet and confer regarding whether there are any issues involving preservation, such as categories of information that are not reasonably accessible or cannot reasonably be preserved because of undue burden or cost. Each party will disclose categories or sources of responsive information that it believes should not be preserved (and explain with specificity the reasons to support such a belief) because of undue burden or cost, or relevance considering the proportionality factors in the Federal Rules.

**V.    SEARCH, IDENTIFICATION OF RESPONSIVE DOCUMENTS, AND COLLECTION**

The parties shall meet and confer in an effort to conduct discovery in the most efficient and effective manner.  Specifically, the parties will attempt in good faith to come to an agreement on search and culling methods used to identify responsive information.  Within 7 days of the Start Date,[1] the parties will begin to meet and confer regarding the scope of discovery, including custodians, custodial and non-custodial sources, date ranges, file types, and whether the party plans to use search terms to cull documents for review.  The parties agree that the grounds for objections should be supported by specific information.  The parties will not seek court intervention without first attempting to resolve any disagreements in good faith, based upon all reasonably available information.

**A.    Sources**

Within 7 days of the Start Date, the parties will meet and confer regarding the custodial and non-custodial sources from which the party is collecting and producing documents.  The parties will continue to meet and confer regarding sources as appropriate.  The parties will, where applicable, identify and describe sources likely to contain responsive information that a party asserts should not be searched or is not reasonably accessible and will explain the reasons for such assertions.  The parties reserve the right, upon reviewing the initial production of documents, and conducting other investigation and discovery, to request that files from additional custodial or non-custodial sources be searched and meet and confer regarding such request, subject to the Federal Rules of Civil Procedure.

At the time of production, the producing party will provide the names of the custodians from whom the documents were collected and produced, and will in their production cover letter explain the relevant roles of these custodians and dates they were in those roles, if such information has not

---

[1] The "Start Date" shall be defined as (1) the date on which the Court rules on defendants' motions to dismiss, if the motions to dismiss are denied; (2) the date on which a party serves its written responses and objections to requests for production, if those responses and objections are served after the motions to dismiss are denied; or (3) a later date negotiated by the parties.  Notwithstanding the foregoing, in the event the Court denies defendants' motions to dismiss, defendants will commence production of documents to plaintiffs approximately three weeks after the motions' denial, or at such other time as the Court may order.

1  already been provided.  The parties agree that this information will satisfy the requirements in

2  paragraph 13 of the Supplemental Order to Order Setting Initial Case Management Conference in

3  Civil Cases Before Judge William Alsup (DE 41).

4      **B.**    **Identification of Custodians**

5         Within 7 days of the Start Date, each party shall provide a written list identifying persons

6  whose files are likely to contain unique documents and ESI responsive to the opposing parties'

7  discovery requests, subject to the Federal Rules of Civil Procedure.  This will include a description

8  of each proposed custodian's job title and a brief description of such person's relevant

9  responsibilities (including relevant dates of employment by the applicable party).  The parties

10 reserve the right, upon reviewing the initial production of documents and conducting other

11 investigation and discovery, to request that files from additional custodians be searched and meet

12 and confer regarding such request.

13     **C.**    **Easily Segregable Documents**

14        The parties will work in good faith to identify categories of documents that are easily

15 identifiable and segregable that may be produced as responsive without the use of search terms or

16 other agreed upon advanced search methodology (*e.g.*, analytics, predictive coding, technology-

17 assisted review).   If the producing party decides that potentially responsive ESI shall be searched

18 through the use of search terms, the parties agree to follow the process identified below and the

19 parties shall meet and confer regarding any proposed deviation.

20     **D.**    **Search Terms**

21        The producing party shall use best efforts to provide a list of proposed search terms, which

22 shall contain all search terms that it believes would lead to the identification of responsive

23 documents from sources to be subject to search term application, within 21 days of the Start Date.

24 To the extent reasonably possible, search terms will be crafted with input from the custodians in

25 order to identify appropriate nomenclature, code words, *etc*. The identification of search terms will

26 be subject to the Federal Rules of Civil Procedure.

27        Within 7 days of receipt of the proposed search terms, the receiving party shall provide any

28 additional search terms that they believe are necessary to identify responsive documents.  Within 14

1    days of receiving the additional search terms, the parties shall meet and confer regarding the

2    proposed search terms.  The parties will use best efforts to agree to a set of search terms within 45

3    days of receipt of the originally proposed search terms.

4          If disputed terms still exist at the end of the meet and confer process, the parties will submit

5    those terms to the Court in the form of a joint discovery letter with a discussion of the relevance

6    and/or burden associated with those search terms.

7          If discovery reveals additional terms that the receiving party believes will lead to the

8    identification of other unique responsive material, the party requesting the additional terms will

9    provide them to the producing party.  Such a request will be subject to the Federal Rules of Civil

10   Procedure.  Within 14 days of receiving the additional search terms, the parties shall meet and confer

11   regarding the additional proposed search terms.  The parties will use best efforts to agree to the set of

12   additional proposed search terms within 30 days of receipt.  Duplicate documents captured by the

13   additional terms need not be reproduced.

14         During the meet and confer process, the parties may provide reasonable information related

15   to search term hits, quality control testing, and/or sampling results, if appropriate.

16         If disputed terms still exist at the end of the meet and confer process, the parties will submit

17   those terms to the Court in the form of a joint discovery letter with a discussion of the relevance

18   and/or burden associated with those search terms.

19         **E.    Technology-Assisted Review**

20         To reduce the costs and burdens of document review and production, any party may use

21   predictive coding or technology-assisted review for the purpose of culling the documents to be

22   reviewed or produced.  Any party using predictive coding or technology-assisted review ("TAR") to

23   cull the documents to be reviewed agrees that as early as reasonably practicable (and in any event

24   prior to using such tools) it will disclose to the opposing parties the type of technology it will be

25   using and a general description of the TAR methodology that will be used.

26

27

28

STIPULATED [~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                                - 4 -

## VI.   PRODUCTION OF HARD COPY DOCUMENTS

### A.   Format

Hardcopy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross reference file and a delimited database load file (*i.e.*, .dat).  The database load file should contain the following fields:   "BEGNO", "ENDNO", "PAGES", and "CUSTODIAN."  The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.  Multi-page OCR text for each document should also be provided as a separate text file, to the extent reasonably practicable.  The OCR software shall maximize text quality over process speed.  Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process, to the extent reasonably practicable.  If unitizing hard copy documents or providing OCR text presents an undue burden, or if the burden exceeds the benefit with respect to certain sets of hard copy documents, the producing party is not obligated to unitize and provide OCR text, but the producing party will disclose that fact to the receiving party.

These production specifications apply to documents which are to be produced in the first instance in this action.  To the extent any party is required to re-produce documents in this action that were originally produced in other actions, the parties have not agreed to reformat those earlier productions in accordance with the production specifications in this Order.

## VII.   PRODUCTION OF ESI

### A.   Format

The parties will produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet type files, presentation type files such as PowerPoint files, source code, audio, and video files, which shall be produced in native format, unless they contain privileged information or information subject to any other applicable protection.  If documents that the parties have agreed to produce in native format need to be redacted and cannot be redacted in TIFF in a readable manner, the parties will meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.  If a party has reason to believe

1    the redacted TIFF image is not reasonably usable, the parties agree to meet and confer regarding

2    redactions for select native documents or categories of documents and to accommodate reasonable

3    requests for producing documents in native format.  TIFFs will show any and all text and images

4    which would be visible to the reader using the native software that created the document, to the

5    extent reasonably practicable.  For example, TIFFs of email messages should include the BCC line.

6    For each document, a text file containing the extracted text shall be provided along with the TIFF,

7    when such text exists.  The filename for the text file should be identical to the first image of the

8    corresponding document, and the text file should be linked directly to its corresponding record in the

9    metadata load file using the TEXTLINK field.  For documents that contain redactions, the parties

10   may use OCR text to create the text file.  Parties are under no obligation to enhance an image beyond

11   how it was kept in the usual course of business.

12       Each image should have a unique file name.  For single-page TIFFs, the unique file name

13   will be the Bates number of the page.  For native files, the unique file name will be the Bates number

14   of the document.  Bates numbers shall be unique IDs with a prefix that can be readily attributed to

15   the producing party.  Bates numbers shall be sequential within a document.

16       Any document produced in native format shall be produced with a single page Bates-stamped

17   TIFF image slip-sheet stating the document has been produced in native format and noting the

18   document's confidentiality designation.  Each native file should be named according to the Bates

19   number it has been assigned, and should be linked directly to its corresponding record in the load file

20   using the NATIVELINK field.  To the extent that either party believes that specific documents or

21   classes of documents, not already identified within this protocol, should be produced in native

22   format, the parties agree to meet and confer in good faith.

23       **B.     Family Relationships**

24       Family relationships (i.e., the association between attachment(s), or "child(ren)", and the

25   "parent" document) should be preserved.  Where feasible, responsive non-privileged family

26   members shall be produced together and bear sequential Bates numbers.  Non-responsive

27   attachments to responsive parent documents may be withheld from the production or redacted in full,

28   provided that the responsive families are Bates numbered prior to production and a load file is

STIPULATED [~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                          - 6 -

provided that contains the following metadata fields for the files withheld as nonresponsive: "BEGNO", "ENDNO", "BEGATTACH", "ENDATTACH", "FILENAME", "TITLE", "AUTHOR", "CREATEDATE", "LASTMODDATE", and "NONRESPONSIVE" (a field populated by the producing party that indicates that the document was removed as non-responsive).   The parties agree that they will not object to a document's completeness under Fed. R. Evid. 106 on the ground that an attachment is missing where a non-responsive attachment has been withheld from production according to this provision.

### C.    De-Duplication

Each party may remove exact duplicate documents based on MD5 or SHA-1 hash values at the family level.   Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.   Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. De-duplication may be done across the entire collection (global de-duplication) and the All Custodians field will list each custodian, separated by a semi-colon, who was a source of that document.   Should the All Custodians metadata field produced become outdated due to rolling productions, an overlay file providing all the custodians for the affected documents will be produced prior to substantial completion of the document production.   The parties may review documents using email threading without restraint, but if a party seeks to use email thread suppression to remove responsive documents from production, the parties will meet and confer prior to use and with sufficient time to raise the issue with the Court, if necessary.

### D.    Metadata

All ESI will be produced with a delimited, database load file (*i.e.*, .dat file) that contains the metadata fields listed in Table 1, attached hereto, where reasonably available.   Each party shall use one normalized time zone for all metadata pertaining to time and date.

### E.    Embedded Objects

The parties agree to meet and confer over the inclusion or exclusion of embedded files from the production.

### F.    Compressed Files Types

Compressed file types (*i.e.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted, where reasonably feasible.

### G.    Structured Databases

To the extent a response to discovery involves production of electronic information stored in a database, the producing party will provide a general description of what information is in the database.  The parties shall meet and confer regarding the format for database productions, where necessary.

### H.    Encryption

To maximize the security of information in transit, any media on which documents are produced should be encrypted.  The producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

### I.    Re-Productions

The production specifications in this order apply to documents which are to be produced in the first instance in this action.  To the extent any party is required to re-produce documents in this action that were originally produced in other actions, the parties have not agreed to reformat those earlier productions in accordance with the production specifications in this Order.

## VIII.   PHASING

The parties may discuss phasing discovery to prioritize certain custodians or sources, where reasonably feasible and where such phasing may result in making the scope of discovery more reasonable and proportionate.

## IX.    DOCUMENTS PROTECTED FROM DISCOVERY

(a)    Protection against waiver of privilege or other protection from discovery shall be governed by the Stipulated Protective Order.  The parties do not waive the right to conduct a full and comprehensive review for privilege and other protections.

(b)    Communications involving litigation counsel (both outside counsel and in-house counsel responsible for the litigation, including their staff or consultants) that post-date the filing of the complaint need not be placed on a privilege log.

1    (c)    Documents produced with redactions that identify the basis of the redaction (*e.g.*,

2   attorney-client privilege, work-product protection) need not be placed on a privilege log.  If a party

3   redacts a document, the accompanying metadata should so indicate.

4    (d)    The parties agree that where emails are combined in an email string, the metadata

5   from the top email in the string will be provided on the log and the metadata for the other emails,

6   lower down in the email string, need not be included in the log entry for that string.  The parties also

7   agree, however, that non-inclusive emails in a thread that are identified as privileged will be included

8   on the log (along with the metadata from only the top email in the non-inclusive strings) and the log

9   will contain an identifier for the email thread group.  That is, if a party threads emails for purposes of

10  privilege review, that party will provide the following for emails being withheld on the basis of

11  privilege or protection:  (i) a full log entry for the most inclusive email(s) in the thread, which will

12  include the metadata for the most inclusive email (i.e., metadata for the top email in the string) and a

13  description of the basis for the privilege or protection for all privileged or protected emails in that

14  string; (ii) the "TO", "FROM", "CC", "BCC", "SUBJECT", AND "RECEIVEDDATE" metadata

15  for any lesser-included emails being withheld on the basis of privilege or protection; and (iii) a

16  thread identifier.

17    (e)    The parties reserve the right to discuss other methods of logging data if the

18  procedures described in this ESI protocol impose an undue burden.

19    (f)    The parties will use best efforts to provide the substantial majority of their privilege

20  logs no later than three months before the cut-off date for non-expert discovery.  The parties are not

21  required to provide privilege logs on a rolling basis.

22    (g)    Paragraph 16 of the Supplemental Order to Order Setting Initial Case Management

23  Conference in Civil Cases Before Judge William Alsup (DE 41), applies to the parties' preparation of

24  privilege logs to the extent it is not inconsistent with this Order or an agreement reached between the

25  parties.

26  **X.    OBJECTIONS AND RIGHTS PRESERVED**

27    Nothing in this Order shall be interpreted to require the production of information that is non-

28  discoverable under the Federal Rules of Civil Procedure, including irrelevant information, or

1  relevant information protected by the attorney-client privilege, work-product doctrine, or any other

2  applicable privilege or immunity.  Nothing in this Order precludes any party from seeking cost

3  shifting.  The parties do not waive any objections as to the production, discoverability, admissibility,

4  or confidentiality of ESI or hard copy documents through this Order.  All objections to the

5  discoverability or admissibility of any document or data are preserved and may be asserted at any

6  time.

7      Nothing in this Order waives the right of any party to petition the Court for an order

8  modifying its terms upon sufficient demonstration that compliance with such terms is unreasonably

9  burdensome or that the production of particular documents in a different format or with different

10  metadata fields is reasonably necessary, provided, however, that counsel for such party must first

11  meet and confer with the counsel for the opposing parties and the parties shall use reasonable best

12  efforts to negotiate an exception from or modification to this Order prior to seeking relief from the

13  Court.

14  **XI.  MODIFICATION**

15      This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court

16  for good cause shown.

17      IT IS SO STIPULATED, through Counsel of Record.

18  DATED:  July 22, 2016                 ROBBINS GELLER RUDMAN
                                           & DOWD LLP
19                                       PATRICK J. COUGHLIN
                                         DAVID W. MITCHELL
20                                       ALEXANDRA S. BERNAY
                                         CARMEN A. MEDICI
21

22

23

24                                       655 West Broadway, Suite 1900
                                         San Diego, CA  92101-8498
25                                       Telephone:  619/231-1058
                                         619/231-7423 (fax)
26

27

28

1

2     ROBBINS GELLER RUDMAN
         & DOWD LLP
3     ARMEN ZOHRABIAN
      Post Montgomery Center
4     One Montgomery Street, Suite 1800
      San Francisco, CA 94104
5     Telephone: 415/288-4545
      415/288-4534 (fax)

6     ROBBINS GELLER RUDMAN
         & DOWD LLP
7     RANDI D. BANDMAN
      120 East Palmetto Park Road, Suite 500
8     Boca Raton, FL 33432
      Telephone: 561/750-3000
9     561/750-3364 (fax)

10    DEVINE GOODMAN RASCO &
         WATTS-FITZGERALD, LLP
11    JOHN W. DEVINE
      LAWRENCE D. GOODMAN
12    ROBERT J. KUNTZ, JR.
      2800 Ponce De Leon Blvd., Suite 1400
13    Coral Gables, FL 33134
      Telephone: 305/374-8200
14    305/374-8208 (fax)

15    Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA          - 11 -

1  Dated: 8/18/16                    ARNOLD & PORTER LLP

2

3                                    By:

4

5                                    Robert J. Vizas
                                     robert.vizas@aporter.com
6                                    Sharon D. Mayo
                                     sharon.mayo@aporter.com
7                                    Erica M. Connolly
                                     erica.connolly@aporter.com
8                                    Three Embarcadero Center, Tenth Floor
                                     San Francisco, CA 94111-4024
9                                    Telephone: 415.471.3100
                                     Facsimile: 415.471.3400
10

11                                   Mark R. Merley (admitted *pro hac vice*)
                                     mark.merley@aporter.com
12                                   Karen C. Otto (admitted *pro hac vice*)
                                     karen.otto@aporter.com
13                                   601 Massachusetts Avenue, NW
                                     Washington, DC 20001-3743
14                                   Telephone: 202.942.5000
                                     Facsimile: 202.942.5999
15

16                                   Attorneys for Defendants
                                     VISA INC. and VISA U.S.A. INC.
17

18

19

20

21

22

23

24

25

26

27

28

1    Dated:  8/1/16                          PAUL, WEISS, RIFKIND, WHARTON &
                                                 GARRISON LLP
2

3

4                                            By: _____

5                                                Kenneth A. Gallo (admitted *pro hac vice*)
                                                 KGallo@paulweiss.com
6                                                Craig A. Benson (admitted *pro hac vice*)
                                                 CBenson@paulweiss.com
7                                                2001 K Street, NW
                                                 Washington, DC 20006-1047
8                                                Telephone: 202.223.7300
                                                 Facsimile: 202.223.7420
9

10                                           TAYLOR & COMPANY LAW OFFICES, LLP

11                                               Stephen E. Taylor
12                                               One Ferry Building, Suite 355
                                                 San Francisco, CA 94111
13                                               Telephone: 415.788.8200
                                                 Facsimile: 415.788.8208
14                                               Email: staylor@tcolaw.com

15                                               Attorneys for Defendant
16                                               MASTERCARD INTERNATIONAL
                                                 INCORPORATED
17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                    - 13 -

1    Dated: July 26, 2016                          WINSTON & STRAWN LLP

2

3                                                  By: _Jeanifer E. Parsigian_

4
                                                   Elizabeth P. Papez (admitted *pro hac vice*)
5                                                  1700 K Street, N.W.
                                                   Washington, DC 20006
6                                                  Telephone: 202.282.5000
                                                   Facsimile: 202-282-5100
7                                                  epapez@winston.com

8
                                                   Sean D. Meenan
9                                                  Jeanifer E. Parsigian
                                                   101 California Street
10                                                 San Francisco, CA 94111
                                                   Telephone: 415.591.1000
11                                                 Facsimile: 415.591.1400
                                                   smeenan@winston.com
12                                                 jparsigian@winston.com

13
                                                   Robert Y. Sperling (admitted *pro hac vice*)
14                                                 Joseph L. Motto (admitted *pro hac vice*)
                                                   35 West Wacker Drive
15                                                 Chicago, IL 60601
                                                   Telephone: 312.558.5600
16                                                 Facsimile: 312.558.5700
                                                   rsperling@winston.com
17                                                 jmotto@winston.com

18
                                                   Attorneys for Defendant
19                                                 DISCOVER FINANCIAL SERVICES

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                          - 14 -

1   Dated:

MORRISON & FOERSTER LLP

By: _____

Penelope A. Preovolos
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000
Facsimile: 415.276.7187
PPreovolos@mofo.com

Mark P. Ladner
(admitted *pro hac vice*)
Michael B. Miller
(admitted *pro hac vice*)
Natalie Fleming Nolen
(admitted *pro hac vice*)
250 West 55th Street
New York, New York 10019
Telephone: 212.468.8000
Facsimile: 212.468.7900
mladner@mofo.com
mbmiller@mofo.com
nflemingnolen@mofo.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

1  Dated:  8/1/2016                        HUNTON & WILLIAMS LLP

2

3

4                                         By: _____

5                                         Susan S. Joo (State Bar No. 260369)
                                          Hunton & Williams LLP
6                                         575 Market Street, Suite 3700
                                          San Francisco, CA 94105
7                                         Telephone: 415.975.3700
                                          Facsimile: 415.975.3701
8                                         sjoo@hunton.com

9                                         D. Bruce Hoffman (DC Bar No. 495385)
10                                        (admitted *pro hac vice*)
                                          Ryan Shores (DC Bar No. 500031)
11                                        (admitted *pro hac vice*)
                                          Leslie Kostyshak (DC Bar No. 1005462)
12                                        (admitted *pro hac vice*)
                                          Hunton & Williams LLP
13                                        2200 Pennsylvania Ave. NW
                                          Washington, DC 20037
14                                        Telephone: 202.955.1500
                                          Facsimile: 202.778.2201
15                                        bhoffman@hunton.com
                                          rshores@hunton.com
16                                        lkostyshak@hunton.com
17

18                                        Attorneys for Defendant
                                          CAPITAL ONE FINANCIAL
19                                        CORPORATION

20

21

22

23

24

25

26

27

28

STIPULATED [~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                    - 16 -

1    Dated:  July 26, 2016

2

3                                              SKADDEN, ARPS, SLATE, MEAGHER &
                                               FLOM LLP
4
                                               By: _____
5
                                               Raoul D. Kennedy (State Bar No. 40892)
6                                              525 University Avenue
                                               Palo Alto, CA 94301
7                                              Telephone: 650.470.4500
                                               Facsimile: 650.470.4570
8                                              Email: raoul.kennedy@skadden.com

9                                              Peter E. Greene (admitted *pro hac vice*)
                                               Boris Bershteyn (admitted *pro hac vice*)
10                                             Evan R. Kreiner (admitted *pro hac vice*)
                                               Harry P. Koulos (State Bar No. 310508)
11                                             4 Times Square
                                               New York, New York 10036
12                                             Telephone: 212.735.3000
                                               Facsimile: 212.735.2000
13

14                                             Attorneys for Defendant
                                               CHASE BANK USA, NATIONAL
15                                             ASSOCIATION

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                          - 17 -

1    Dated: 7/28/16                    SIDLEY AUSTIN LLP

2

3                                      By: _____

4
                                       Peter K. Huston (SBN 150058)
5                                      555 California Street, Suite 2000
                                       San Francisco, CA 94104
6                                      Telephone: 415.772.1200
                                       Facsimile: 415.772.7400
7                                      Email: phuston@sidley.com

8
                                       David Graham (admitted *pro hac vice*)
9                                      dgraham@sidley.com
                                       One South Dearborn
10                                     Chicago, IL 60603
                                       Telephone: 312.853.7000
11                                     Facsimile: 312.853.7036

12
                                       Benjamin R. Nagin (admitted *pro hac vice*)
13                                     Melissa Colón-Bosolet (admitted *pro hac vice*)
                                       bnagin@sidley.com
14                                     mcolon-bosolet@sidley.com
                                       787 Seventh Avenue
15                                     New York, New York 10019
                                       Telephone: 212.839.5300
16                                     Facsimile: 212.839.5599

17
                                       Attorneys for Defendant
18                                     CITIBANK, N.A. for itself and as successor in
                                       interest to CITIBANK (SOUTH DAKOTA),
19                                     N.A.

20

21

22

23

24

25

26                                          .

27

28

STIPULATED [~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                    - 18 -

1  Dated: *July 26, 2016*                    REED SMITH LLP

2

3                                            By: *Michelle A Mantine*

4                                               _____
                                               Scott D. Baker (SBN 84923)
5                                               sbaker@reedsmith.com
                                               Ashley L. Shively (SBN 264912)
6                                               ashively@reedsmith.com
                                               101 Second Street, Suite 1800
7                                               San Francisco, CA 94105-3659
                                               Telephone: 415.543.8700
8                                               Facsimile: 415.391.8269

9
                                               Daniel I. Booker (admitted *pro hac vice*)
10                                              dbooker@reedsmith.com
                                               Michelle A. Mantine (admitted *pro hac vice*)
11                                              mmantine@reedsmith.com
                                               Conor M. Shaffer (admitted *pro hac vice*)
12                                              cshaffer@reedsmith.com
                                               Courtney B. Averbach (admitted *pro hac vice*)
13                                              caverbach@reedsmith.com
                                               225 Fifth Avenue
14                                              Pittsburg, PA 15222
                                               Telephone: 412.288.3131
15                                              Facsimile: 412.288.3063

16

17                                              Attorneys for Defendant
                                               PNC BANK, NATIONAL ASSOCIATION
18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                    - 19 -

1    Dated:                                    DORSEY & WHITNEY LLP

2

3                                              By: _F. Matthew Ralph_

4
                                               F. Matthew Ralph (admitted *pro hac vice*)
5                                              Email: ralph.matthew@dorsey.com
                                               Andrew Brantingham (admitted *pro hac vice*)
6                                              Email: brantingham.andrew@dorsey.com
                                               Angela Porter (admitted *pro hac vice*)
7                                              Email: porter.angela@dorsey.com
                                               Richard Q. Liu
8                                              Email: liu.richard@dorsey.com
                                               50 South Sixth Street, Suite 1500
9                                              Minneapolis, MN 55402-1498
                                               Telephone: 612.340.2600
10                                             Facsimile: 612.340.2868

11
                                               Martha C. Luemers
12                                             Email: luemers.martha@dorsey.com
                                               305 Lytton Avenue
13                                             Palo Alto, CA 94301
                                               Telephone: 650.857.1717
14                                             Facsimile: 650.857.1288

15
                                               Attorneys for Defendant
16                                             U.S. BANK NATIONAL ASSOCIATION

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA                    - 20 -

1  Dated: *Aug 1, 2016*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCGUIREWOODS LLP

By: _____

David C. Powell (SBN 129781)
Jamie D. Wells (SBN 290827)
505 Sansome Street, Suite 700
San Francisco, CA 94111
Telephone: 415/844-1970
415/844-1912 (fax)
dpowell@mcguirewoods.com
jwells@mcguirewoods.com

Howard Feller (admitted *pro hac vice*)
J. Brent Justus (admitted *pro hac vice*)
Casey E. Lucier (admitted *pro hac vice*)
800 E. Canal Street, Gateway Plaza
Richmond, VA 23219
Telephone: 804/775-1000
804/775-1061 (fax)
hfeller@mcguirewoods.com
bjustus@mcguirewoods.com
clucier@mcguirewoods.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS - 3:16-cv-01150-WHA

- 21

7/26/2016

IT IS SO ORDERED.

DATED:    August 29, 2016.

_____
THE HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE