PETER T. BARBUR (admitted *pro hac vice*)
DAMARIS HERNÁNDEZ (admitted *pro hac vice*)

CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
pbarbur@cravath.com
dhernandez@cravath.com

Attorneys for Defendant American Express Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| B & R SUPERMARKET, INC.; et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>VISA, INC.; et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:16-cv-01150-WHA<br><br>DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: May 11, 2017<br>TIME: 8:00 am<br>PLACE: Courtroom 8, 19th Floor<br><br>Honorable William H. Alsup |

# STATEMENT OF ISSUE TO BE DECIDED

Defendant American Express opposes Plaintiffs' motion for class certification. The issue to be decided is:

1. Whether Plaintiffs have met their burden of showing through evidentiary proof that the requirements of Rule 23 have been met.

# PRELIMINARY STATEMENT

For the purpose of efficiency, American Express incorporates by reference the arguments asserted in Defendants MasterCard, Visa, and Discover's Opposition to Plaintiffs' Motion for Class Certification, with the exception of Sections II.A, II.C, III.B, IV and V, which incorporation does not cause this brief to exceed the 25-page limit. In addition to those arguments, class certification also is inappropriate because Plaintiffs' class definition includes American Express card accepting merchants ("Amex Merchants") that must litigate these claims, if anywhere, in the United States District Court for the Southern District of New York. This Court has twice held that the claims against American Express in this litigation are covered by the forum-selection provision of American Express's Card Acceptance Agreement ("CAA"). Plaintiffs cannot circumvent those provisions by certifying a single class against all Defendants that includes Amex Merchants, who are subject to the forum-selection provision of the CAA.

# STATEMENT OF FACTS

This Court severed "all claims" by B & R Supermarket[1] and Monsieur Marcel against American Express and transferred those claims to the Southern District of New York, pursuant to the forum-selection and arbitration provisions in the CAA. (Order Grant'g Mot. to Trans. 3, June 24, 2016, ECF No. 282 ("June Trans. Order"); Order Grant'g Unopposed Mot. to Trans., Nov. 9, 2016, ECF No. 358 ("Nov. Trans. Order").) Fine Fare, which does not accept American Express cards, is not subject to the CAA. (*See* Am. Compl. ¶ 23, July 15, 2016, ECF No. 291 ("Am. Compl.").) Nevertheless, Plaintiffs seek certification of a single class of

---

[1] B & R Supermarket and Grove Liquors operate under a single account with American Express (*see* Order Grant'g Mot. to Transfer 2, June 24, 2016, ECF No. 282), and are collectively referred to as "B & R Supermarket" or "B & R".

merchants, regardless of the fact that many putative class members are subject to a forum-selection and arbitration agreement with American Express. (*See* Pls.' Notice of Mot. for Class Cert., Mot. for Class Cert. and Mem. of P. & A. in Supp. 2, Mar. 10, 2017, ECF No. 425 ("Mot. for Class Cert.") ("Plaintiffs seek to certify a Class of: Merchants who have been unlawfully subjected to the so-called Liability Shift for the assessment of MasterCard, Visa, Discover and/or American Express payment card chargebacks.").)

## ARGUMENT

### I. PLAINTIFFS' PROPOSED CLASS IS OVERBROAD.

The class definition is overbroad and cannot be certified against American Express because it captures claims that cannot be brought in this Court. *See, e.g.*, *Nat'l Fed. of the Blind v. Target Corp.*, No. C 06-01802, 2007 WL 1223755, at *3 (N.D. Cal. Apr. 25, 2007) ("The inclusion of individuals [who are] . . . not entitled to relief would defeat class certification . . . ."). "[C]ourts consistently decline to certify class definitions that encompass members who are not entitled to bring suit under the applicable substantive law." *Booth v. Appstack, Inc.*, No. C13-1533, 2015 WL 1466247, at *15 (W.D. Wash. Mar. 30, 2015).[2] This Court has already held that B & R and Monsieur Marcel cannot pursue their claims against American Express in this forum. (*See* June Trans. Order 3; Nov. Trans. Order.) Moreover, Fine Fare cannot assert claims against American Express on behalf of putative class members subject to the forum-selection and arbitration provisions in the CAA. (*Compare* Mot. for Class Cert. 2, *with* American Express's Mot. to Compel Arb. and Trans. Venue 2-5, Apr. 18, 2016, ECF No. 229.) *See Tan v. Grubhub, Inc.*, No. 15-cv-05128, 2016 WL 4721439, at *2-3 (N.D. Cal. July 19, 2016) (denying class certification because the named plaintiff was not subject to a class action waiver that applied to many putative class members). Thus, Plaintiffs cannot certify a

---

[2] Although Plaintiffs argue that the Ninth Circuit recently did away with any "ascertainability" requirement (Mot. for Class Cert. 13 n.6), the Court noted that overbreadth is a barrier to class certification that can been treated as a predominance issue. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.4 (9th Cir. 2017); *see also Rodman v. Safeway, Inc.*, No. 11-cv-3003, 2014 WL 988992, at *16 (N.D. Cal. Mar. 9, 2014) (stating that overbreadth is "encompassed within the commonality, predominance and typicality factors already addressed"); *Nat'l Fed. of the Blind*, 2007 WL 1223755, at *3-4 (holding that plaintiffs' overbroad class definition could not be certified and narrowing the class definition).

class to pursue claims against American Express that includes merchants that accept American Express.[3]

Accordingly, this Court should either deny certification, *see, e.g.*, *Booth*, 2015 WL 1466247, at *16-17 (declining to modify the overbroad class definition *sua sponte*), or modify the class definition to create two classes: (1) a class of non-Amex Merchants bringing claims against Visa, MasterCard, American Express and Discover, represented by Fine Fare, and (2) a class of Amex Merchants bringing claims against Visa, MasterCard and Discover, represented by B & R and Monsieur Marcel, *see, e.g.*, *In re Wholesale Grocery Prods. Antitrust Lit.*, No. 09-MD-2090, 2016 WL 4697338, at *14-15 (D. Minn. Sept. 9, 2016) (certifying separate classes in a price fixing case in which some class members were required to arbitrate claims against one defendant, and therefore had claims against only the other defendant).[4]

## II. PLAINTIFFS' PROPOSED CALIFORNIA AND FLORIDA STATE LAW CLASSES CANNOT BE CERTIFIED TO PURSUE CLAIMS AGAINST AMERICAN EXPRESS.

Likewise, the California and Florida state law classes cannot be certified against American Express because the claims of the class representatives for those classes have been transferred to the Southern District of New York. Fine Fare—the only named Plaintiff in this case with claims against American Express—is a New York business that cannot assert violations of California or Florida state law. (*See* Am. Compl. at ¶ 23; Order Den. Mot. for Prelim. Inj. 3, Mar. 16, 2016, ECF No. 36 ("[A] Florida business is unlikely to have any claim for relief under California's Cartwright Act.").) *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) ("[E]ach class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."). Because Fine Fare has no claims under California and Florida law, it does not "possess the same interest and suffer the same injury" as the California and Florida merchants and fails the

---

[3] *See* Discovery Order 4, Jan. 19, 2017, ECF No. 384 ("[T]he American Express Merchants will be seeking class certification before the New York court, not here.").
[4] Plaintiffs' class certification expert, Prof. Officer, testified during his deposition that he was not aware of data that would allow him to identify only those Visa, MasterCard, and Discover chargebacks that were incurred by merchants that do not accept American Express. (Officer Tr. 267:25-268:11, Ex. 2 to Decl. of Michelle Parikh, April 7, 2017.)

typicality requirement.  *See* Fed. R. Civ. P. 23(a); *see also Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 156 (1982).  Without class representatives with California and Florida state law claims against American Express, the Court cannot certify subclasses to pursue those claims against American Express.  *See Falcon*, 457 U.S. at 156.

## CONCLUSION

For the reasons stated herein and incorporated by reference, American Express respectfully requests that this Court deny Plaintiffs' motion for class certification.

DATED: April 7, 2017

CRAVATH, SWAINE & MOORE LLP

*s/ Peter T. Barbur*
PETER T. BARBUR
DAMARIS HERNÁNDEZ

825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Fax: (212) 474-3700

*Attorneys for Defendant*
*American Express Company*

# **ATTESTATION**

I, Peter T. Barbur, am the ECF user whose ID and password are being used to file the above DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

*s/ Peter T. Barbur*