

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ELIZABETH P. PAPEZ**
Partner
(202) 282-5000
epapez@winston.com

**VIA ECF**

August 16, 2017

Honorable Margo K. Brodie
225 Cadman Plaza East, Chambers N 626
Brooklyn, NY 11201

Re:    *B & R Supermarket, Inc., et al. v. Visa, Inc., et al.*, Case No. 1:17-cv-02738-MKB-JO

Dear Judge Brodie:

On behalf of Discover Financial Services, I write to request a pre-motion conference and schedule for Discover's motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 ("FAA"), and Federal Rules of Civil Procedure 12(b)(1) and (b)(3).

While this case was pending in California, Discover moved to compel arbitration against a proposed named plaintiff who had an arbitration agreement with Discover. (Dkt. 308.)[1] Discover also raised and expressly preserved its arbitration rights with respect to members of the putative merchant class in the event class certification were to render those merchants parties to this action. (Dkt. 552 at 10.) This reservation of rights was proper under relevant law and the California Court's observation that unless and until a class is certified, the only plaintiffs who are parties to this suit are the named plaintiffs. (Tr. 9/22/16 at 3:10-11 ("It's not a class yet. It's just B&R.").)

Consistent with this law of the case, Discover stated in its submission for the June 8, 2017 conference before this Court that "the appropriate time to litigate the enforcement of its arbitration agreements with" putative class members "would be after this Court issues an order on class certification and only if the Court certifies a class." (Dkt. 552 at 10.) That remains the proper course for the reasons below, and Plaintiffs' assertion that Discover's arbitration rights "have likely been waived," (Dkt. 552 at 5), is meritless. That said, if the Court concludes that Discover should brief its motion to compel arbitration now, Discover is prepared to file.

Regardless when the motion is briefed, Discover will seek to enforce the "valid agreement[s] to arbitrate" it has executed with approximately 1200 merchants in the putative class with whom Discover has direct network agreements ("direct merchants").[2] Direct merchants typically contract with Discover through a standard merchant services agreement, and in some

---

[1] Discover's motion was directed at a proposed named plaintiff (rue21), (Dkt. 308), that the California Court did not allow as a party to the Amended Complaint, thus mooting Discover's motion to compel arbitration. (Dkt. 346.)

[2] As documented in prior briefing on Discover's motion to compel arbitration against rue21, Discover has bilateral agreements with direct merchants, and reserves all rights to compel enforcement of all arbitration agreements applicable to this action. (*See, e.g.*, Dkt. 323 at 9 n.6.)



The Honorable Margo K. Brodie
August 16, 2017
Page 2

cases through individually-negotiated agreements.  Either way, the contracts require the direct merchants to arbitrate "dispute[s]" that include the claims at issue in this suit.  *Hartford Accident and Indem. Co., v. Swiss Reinsurance Amer. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001); *see also Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 101 (E.D.N.Y. 2015) (Brodie, J.).  Specifically, and as detailed in Discover's motion to compel arbitration against proposed named Plaintiff rue21,[3] the relevant agreements oblige the parties to resolve any "Disagreement" through an alternative dispute resolution ("ADR") process that culminates in "binding arbitration administered by the American Arbitration Association . . . under its Commercial Arbitration Rules."  (Discover Operating Regulations, dated Oct. 16, 2015, §§ 17.14.1, 17.14.3.)  The term "Disagreement" is broadly defined to encompass disputes over Discover network rules, including those implementing the October 2015 EMV certification and liability shift at the heart of this case.

For the foregoing reasons, any putative class claims by direct merchants "come[] within the scope of the arbitration agreement" in Discover's direct merchant contracts.  *Scott v. JPMorgan Chase & Co.*, 603 Fed. App'x 33, 35 (2d Cir. 2015); *see also, e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) ("[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (FAA's arbitration mandate "leaves no place for the exercise of discretion by a district court"); *Bassett*, 93 F. Supp. 3d at 101 (Brodie, J.) (similar).  Under controlling law, that is the end of the inquiry and the Court must compel these merchants' claims to arbitration.  *See Hartford*, 246 F.3d at 226; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011); *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234–35 (2d Cir. 2006).

Although Discover is prepared to move to enforce its arbitration rights against putative class members now, three factors may counsel in favor of deferring briefing until after the Court rules on class certification and/or the Rule 12(c) motion on which Discover requested a briefing schedule last month.  (*See* Dkt. 565.)

First, as the California Court observed, the motion to compel arbitration may not be ripe because direct merchants in the putative class are not currently—and depending on the Court's certification ruling may never be—parties to this action.  (*See* 6/23/16 Hrg. Tr. 61:24-25 ("right now . . . you got just B&R. That's it.").)  As courts in this Circuit and the Ninth Circuit have reasoned:  "until a class is certified and the opt-out period has expired, unnamed [c]lass members are not parties to this action, and their claims are not at issue . . . .  Accordingly, [a defendant] does not have a right to compel arbitration against unnamed [c]lass members prior to class certification."  *Mora v. Harley-Davidson Credit Corp.*, No. 1:08-CV-01453-AWI, 2012 WL 1189769, at *15 (E.D. Cal. Apr. 9, 2012), *report and recommendation adopted*, No. 1:08-CV-1453 AWI BAM, 2012 WL 3245518 (E.D. Cal. Aug. 7, 2012); *see also In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 398 (S.D.N.Y. 2003) ("[W]ithout [a cardholder subject to the

---

[3] (*See* Dkt. 308 (Discover motion to compel arbitration against Discover direct merchant rue21 in response to rue21's motion to intervene as a named plaintiff in this action); Dkt. 346 (denying rue21's motion to intervene as a named plaintiff and thus denying Discover's motion to compel arbitration as moot).)



The Honorable Margo K. Brodie
August 16, 2017
Page 3

arbitration agreement] as a named plaintiff, there is no need to analyze [defendant's motion to compel arbitration]").

Second, even if a motion to compel were clearly ripe now, its intersection with the class briefing and Discover Rule 12(c) issues already before the Court may render deferred briefing most efficient for the Court and parties. As detailed in the pending class filings, many of the direct merchants who have arbitration agreements with Discover fall outside the scope of any class that could properly be certified on the operative complaint because these merchants are predominantly large retailers (like the Home Depot or Wal-Mart) that were not harmed by the alleged conspiracy to impose a certification and shift date the putative class could not meet. (*See, e.g.*, Dkt. No. 460 at 5-6.)[4] Further, as long as Discover is a named defendant, certifying a class that includes direct merchants (assuming a class can properly be certified at all), would raise the substantive issues and conflicts with the overlapping putative MDL 1720 class detailed in Discover's Rule 12(c) letter last month. (*See* Dkt. 565.) Because disposition of the pending class certification and Discover Rule 12(c) requests could moot or narrow the scope of any arbitration issues, it may be most efficient for the Court to defer briefing on Discover's motion to compel to arbitration until those matters are resolved.

Last but certainly not least, the waiver concerns Plaintiffs have raised with briefing Discover's motion to compel arbitration now or after a ruling on class certification, (*see, e.g.*, Dkt. 552 at 5), are baseless. "[T]here is a strong presumption in favor of arbitration and [] waiver of the right to arbitration is not to be lightly inferred." *Coca-Cola Bottling Co. of N.Y. v. Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 57 (2d Cir. 2001)) (quotation marks omitted). For reasons Discover will be pleased to elaborate in its brief, Plaintiffs cannot come close to meeting their burden of establishing that Discover waived its right to enforce arbitration agreements with putative class member merchants who are not currently, and may never be, parties to this action. *See, e.g.*, *Allied Sanitation, Inc. v. Waste Mgmt. Holdings, Inc.*, 97 F. Supp. 2d 320, 328 n.7 (E.D.N.Y. 2000).

Discover conferred with Plaintiffs' counsel regarding this letter but counsel refused to agree on a proposed briefing schedule on the grounds that Discover's motion would be untimely. The proper place for addressing this (meritless) objection to the enforcement of Discover's arbitration rights is in briefing on Discover's motion. Accordingly, and pursuant to Your Honor's Individual Practice and Rule 3(A), Discover respectfully requests a pre-motion conference as necessary to set a briefing schedule on Discover's motion to compel.

Sincerely,

*/s/ Elizabeth P. Papez*

Elizabeth P. Papez

---

[4] Discover's data productions show that approximately 1200 direct merchants are responsible for more than two-thirds of the Discover chargebacks that Plaintiffs (improperly) seek to include in a certified class. (Dkt. 460 at 5-6.)



Cc: All Counsel (via ECF)