**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET, a Florida corporation, et al., Individually and on Behalf of All Others Similarly Situated, | Case No. 1:17-cv-02738-MKB-JO <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | **Conference Date:  August 24, 2017** |
| VISA, INC., a Delaware corporation, et al., | |
| Defendants. | |

I.     PARTIES AND PROCEDURAL HISTORY

This case was originally filed in March 2016 in the Northern District of California before the Honorable Judge William Alsup.  In brief, Plaintiffs B & R Supermarket, Inc. and Grove Liquors LLC (d/b/a Milam's Market), Strouk Group LLC (d/b/a Monsieur Marcel), Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) ("Plaintiffs") claim that Defendants American Express, Discover, Mastercard and Visa conspired to shift liability for certain fraudulent card transactions from issuing banks to merchants beginning in October 2015, continuing until a merchant was certified to accept chip-enabled EMV cards.  Plaintiffs pursue claims under the federal antitrust statutes as well as state antitrust and consumer protection laws.  Defendants deny Plaintiffs' allegations, and assert numerous defenses.

Judge Alsup granted Defendants Visa's and Mastercard's motion to transfer this action from the Northern District of California to this Court on May 4, 2017. Dkt. No. 518.  Following the transfer, the parties submitted a Joint Status Report to this Court on June 1, 2017.  In that Joint Report, the parties informed this Court as to the status of this litigation and their respective positions regarding how this action may be affected by the litigation of MDL 1720. At the June 8, 2017 Status Conference, this Court stated that *B&R Supermarket* and MDL 1720 are "separate litigations" (Hr'g Tr. 13:8), but also said that we would "coordinate issue-by-issue as needed with 1720" (Hr'g Tr. 18:17).

    A.     Procedural History Prior to Transfer

        1.     **Pleadings and Motions**

This action was initiated on March 8, 2016.  Dkt. No. 1.  Plaintiffs filed an amended complaint on July 15, 2016.  Dkt. No. 291.  Discover moved to compel arbitration against rue21. Dkt. No. 308.  Defendants moved to dismiss and Plaintiffs opposed.  Dkt. Nos. 301, 303, 305, 316, 320, 321, 322.  On September 30, 2016, Judge Alsup granted in part and denied

in part the Defendants' motions to dismiss, denying the motions by Visa, Mastercard, American Express, and Discover and granting the motions of Bank of America, Capital One, Chase, Citibank, PNC Bank, U.S. Bank, Wells Fargo and EMVCo. Dkt. No. 346. As a result, the defendants remaining in the action are: Visa, Mastercard, American Express, and Discover. Judge Alsup also denied as moot Discover's motion to compel arbitration, and denied rue21's request to be added as a named plaintiff. Dkt. No. 346 at 21.

Based on forum selection provisions in American Express's merchant agreements, Judge Alsup severed and transferred the claims of two of the three plaintiffs (B&R Supermarket and Monsieur Marcel) to the United States District Court for the Southern District of New York. Plaintiff Fine Fare has no agreement with American Express and does not accept American Express payment cards. Thus, the only direct claims remaining against American Express are the claims of Fine Fare, on behalf of a putative class of merchants that do not accept American Express. However, Plaintiffs seek to hold American Express jointly and severally liable with the other Defendants for fraud chargebacks imposed by Visa, Mastercard and Discover as part of the alleged conspiracy.

Class certification was fully briefed at the time of transfer; no hearing has occurred. Dkt. Nos. 433, 460, 463, 503. The amended complaint defines the putative class as:

> [M]erchants who have been unlawfully subjected to the so-called Liability Shift for the assessment of MasterCard, Visa, Discover and/or American Express credit and charge card chargebacks, from October 2015 until the anticompetitive conduct ceases.

Dkt. No. 291, ¶ 238. In Plaintiffs' motion for class certification, Plaintiffs seek certification of a class that encompasses debit cards and is defined as:

> Merchants who have been unlawfully subjected to the so-called Liability Shift for the assessment of MasterCard, Visa, Discover and/or American Express *payment card* chargebacks, from October 2015 until the anticompetitive conduct ceases.

Dkt. No. 433 at 2 (emphasis added).

Judge Alsup denied Defendants' request to file separate *Daubert* briefs, and instructed the parties to include any challenges to experts in their class certification papers. Dkt. No. 448. Accordingly, Defendants' opposition to Plaintiffs' motion for class certification includes a *Daubert* request to strike Plaintiffs' expert report. Mastercard, Visa and Discover also requested a limited evidentiary hearing on Plaintiffs' expert testimony in support of class certification, as well as oral argument on their *Daubert* challenge (Dkt. No. 489), to which Plaintiffs responded (Dkt. No. 490), but which the court did not address prior to the transfer.

On July 6, 2017, Discover filed a letter with this Court requesting a pre-motion conference on its proposed motion for judgment on the pleadings (Dkt. No. 565), to which Plaintiffs later filed a letter in opposition (Dkt. No. 577). On August 16, 2017, Discover filed a letter brief request a pre-motion conference on its motion to compel arbitration. (Dkt. No. 580.) The Court granted both of Discover's pre-motion conference requests, said it would address the motions at the next status conference, and directed the parties to confer on a briefing schedule. The parties have conferred and will propose a schedule for both motions at the conference on August 24, 2017.

### 2. Discovery

Prior to transfer, the parties had engaged in significant discovery, including taking depositions of named Plaintiffs, depositions of Plaintiffs' and Defendants' experts on class certification, and depositions of several of Defendants' executives. Document production has been extensive, with more than six million pages produced to date by Defendants and various third parties. Mastercard served one interrogatory on Plaintiffs, to which Plaintiffs responded, but which may be subject to additional negotiation or supplementation. There was also some

motion practice in front of the Magistrate Judge in the Northern District of California related to document and data production.

Discover also served Visa, Mastercard, and American Express with requests for production. Those parties are continuing to meet and confer regarding those requests.

### B. Current Procedural Posture and Pending Issues

#### 1. Pending Motions

Currently pending before this Court is the fully briefed motion for class certification. The parties have raised the issue of whether the court will require or allow supplemental briefing on class certification pertaining to the differences, if any, between Ninth Circuit and Second Circuit law. No hearing date has been set.

As noted above, this Court granted Discover's requests for pre-motion conferences on its motion for judgment on the pleadings and motion to compel arbitration.

The parties' respective positions on both of these issues are outlined further below.

#### 2. Discovery

The parties have been actively engaged in fact discovery, completing significant document productions and review, and have taken a number of depositions. The parties anticipate that both sides will take a number of additional depositions, including depositions of third parties.

The parties' respective positions on discovery issues are outlined further below.

#### 3. Scheduling Order

The parties' respective positions on the case schedule going forward are set forth in sections II-V below.

## II.     PLAINTIFFS' POSITION ON PROCEDURAL AND DISCOVERY ISSUES

Plaintiffs briefly address their unique positions on the procedural issues outlined above, including the pending motions and planned discovery.

First, with respect to the pending motions, Plaintiffs propose that a hearing be held on the Motion for Class Certification without additional briefing. Defendants have suggested that some limited additional briefing is required to take into account purported differences between Ninth Circuit and Second Circuit law. Plaintiffs disagree that there are material differences and thus submit that no additional briefing is required. But to the extent the Court finds additional briefing is necessary, Plaintiffs suggest it be limited to one set of papers per side of no more than three pages, filed simultaneously, with no opposition or reply memoranda. Plaintiffs believe that to the extent limited, additional briefing is ordered, it can occur within the next 14 days. Plaintiffs disagree with Defendants' suggestion that an evidentiary hearing with the parties' experts is needed.

Plaintiffs submit that Discover's anticipated motion for judgment on the pleadings is repetitive as Discover merely seeks to re-argue a meritless point it has repeatedly raised and lost, as set forth in Judge Alsup's order on the motion to dismiss. Plaintiffs' counsel and Discover's counsel have met and conferred on a briefing schedule for Discover's motion for judgment on the pleadings and to compel arbitration. Scheduling proposals were discussed, as were various scheduling contingencies. Plaintiffs' counsel proposes to discuss certain contingencies with the Court at the August 24, 2017 hearing, if an agreed schedule is not reached prior thereto.

With respect to discovery, Plaintiffs anticipate taking a number of additional depositions of Defendants and third parties. Though progress has been made, there is a significant amount of work to be done prior to the completion of fact discovery. For example, prior to the transfer order, twelve depositions were noticed, but have not yet been taken. No depositions are

currently scheduled, but the parties expect to discuss scheduling soon, with depositions likely to begin towards the middle or end of September. Plaintiffs propose the following schedule going forward:

| **Event** | **Deadline** |
| --- | --- |
| Hearing on Class Certification | To be determined by the Court |
| Deadline to Serve List of Issues for Expert Testimony unrelated to class certification | November 30, 2017 |
| Fact Deposition Cut-Off | November 30, 2017 |
| Remaining Fact Discovery Cut-Off | January 30, 2018 |
| Expert Reports | February 16, 2018 |
| Expert Opposition Reports | March 16, 2018 |
| Expert Reply Reports | March 30, 2018 |
| Filing of Dispositive Motions | April 30, 2018 |
| Responses to Dispositive Motions | May 30, 2018 |
| Replies to Dispositive Motions | June 13, 2018 |
| Motions in Limine filing | June 29, 2018 |
| Final Pre-Trial Conference | July 27, 2018 |
| Jury Trial | August 13, 2018 |

Plaintiffs will continue to work in good faith with Defendants to attempt to resolve any disputes regarding the scope of discovery or scheduling issues.  However, Plaintiffs understand that, based on the progress of the MDL 1720 action, it may not be possible to perfectly align the deposition schedule in this action and the MDL 1720 action.  Plaintiffs expect to resume deposing individuals shortly, and, while they will do their best to avoid unnecessary recall of witnesses, Plaintiffs are still entitled to full depositions of those witnesses, regardless of the duration of those witnesses' depositions in the MDL 1720 action.  To the extent feasible, and while Plaintiffs preserve their rights to a full deposition day of each deponent, Plaintiffs will coordinate depositions of individuals who have been noticed in both actions.

### III.   AMERICAN EXPRESS'S POSITION

With respect to class certification, American Express believes that some form of supplemental briefing is necessary, and is happy to brief the issues in whatever form the Court prefers.

American Express understands that limited coordination is appropriate to avoid duplication of depositions, but sees no need to proceed on the same timeline as MDL 1720 as this case was transferred less than two months before the fact discovery cut off.  Prior to the transfer, Plaintiffs agreed to limit the number of depositions to six depositions per Defendant, not including 30(b)(6) depositions, which had already been noticed.  Plaintiffs have taken two depositions of American Express witnesses – Brady Cullimore and Karen Czack – and have also taken its 30(b)(6) deposition.  There are an additional two witnesses from American Express – Sean Conroy and Mike Mitchell – that have been noticed but not yet deposed.

American Express agrees with the schedule Discover has proposed below and believes that deadlines should be tied to the Court's ruling on class certification.

## IV.     DISCOVER'S POSITION

As outlined in the prior status report (*see* Dkt. No. 552 at 8-12) and at the hearing, Discover has unique defenses that it must develop via affirmative discovery and motion practice. With that background in mind, Discover provides the following updates:

Discover's Proposed 12(c) Motion.    In response to the Court's order granting Discover's request for a promotion conference regarding its Rule 12(c) motion and directing the parties to confer on a briefing schedule, Discover and Plaintiffs engaged in a meet and confer on August 21, 2017.   Discover proposed a briefing schedule of 28-28-14 (for Discover's opening brief, Plaintiffs' opposition, and Discover's reply, respectively) running from the August 24, 2017 conference or as soon thereafter as the Court enters a scheduling order.  Plaintiffs responded that their position on the proposed briefing schedule would depend on the overall case schedule and whether Discover seeks a stay of discovery pending disposition of its Rule 12(c) motion. Discover has no current plans to seek a stay because it believes that some discovery could reasonably proceed in parallel with the Rule 12(c) motion under the case schedule Discover proposes herein.  However, Plaintiffs have advised that they intend to pursue further discovery in the coming weeks, and Discover reserves all rights with respect to responding to discovery, including the right to address as appropriate their intersection with Rule 12(c) briefing or other case deadlines.  As outlined in Discover's letter to this court, (Dkt. No. 565), Discover's motion will seek dismissal of the claims against it based on, among other things, the patent inconsistencies and contradictions between the allegations of overlapping putative classes in MDL 1720 and B&R, which render Plaintiffs' claims against Discover implausible.

Discover's Proposed Motion to Compel Arbitration.   In response to the Court's order granting Discover's request for a promotion conference regarding its motion to compel arbitration and directing the parties to confer on a briefing schedule, Discover and Plaintiffs

- 8 -

engaged in a meet and confer on August 21, 2017. Discover and Plaintiffs agreed that a briefing schedule for Discover's arbitration motion should run from the date on which the Court rules on class certification, because the class ruling could moot or narrow the arbitration issues. If acceptable to the Court, Discover proposes that Discover and Plaintiffs confer and submit a proposal for arbitration briefing, if any, within five business days of the date on which the Court rules on class certification. As outlined in Discover's letter to this court, (Dkt. No. 580), Discover's motion would seek to compel arbitration against any of the approximately 1,200 merchants in the putative class who become parties to the case through class certification and with whom Discover has valid, enforceable arbitration agreements. These agreements unequivocally require these putative class members' claims to be arbitrated. (*Id.* at 2.)

Class Certification. Discover requests that the Court permit the parties to submit 10-page supplemental briefs simultaneously regarding class certification issues under Second Circuit law. Discover believes the Court would benefit from briefing on the relevant distinctions between Second and Ninth Circuit law including, for example, the requirement under Second Circuit law that Plaintiffs demonstrate ascertainability. *Compare Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (holding that ascertainability is an implied requirement under Rule 23 that must be proven for a class to be certified), *with Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017) (declining to impose an "ascertainability" requirement or requirement that a class be identified in an administratively feasible way). When applied here, the ascertainability requirement would render the proposed class definition defective because, for example, it does not have an end date that would allow Defendants to identify all potential class members and that would allow potential class members to know the exact contours of the class. *See Brecher*, 806 F.3d at 26 ("The lack of a defined class period…makes the modified class insufficiently definite

- 9 -

as a matter of law."); *Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund*, 290 F.R.D. 452, 462 (D. Vt. 2013) ("An end date for the class period is necessary so the class members can be 'presently ascertained.'….They must be identified and provided notice."); (*see also* Dkt. No. 433 at 2 ("…from October 2015 *until the anticompetitive conduct ceases*." (emphasis added))). While Discover does not seek to debate the ultimate merits of any potential ascertainability argument or canvas all other differences between Second and Ninth Circuit law in this report, the aforementioned example illustrates that meaningful differences exist and require supplemental briefing.

Visa, MasterCard, and Discover submitted a letter requesting oral argument on Defendants' *Daubert* challenge, as well as a limited evidentiary hearing on the parties' respective expert testimony on class certification. (Dkt. No. 489.) As explained in the letter request, (Dkt. No. 489), this procedure would allow for a more thorough inquiry into the experts' competing conclusions on the possibility of common proof of antitrust injury and damages, as well as the underlying reasons, bases, and methodology for those conclusions.

Case Schedule. Discover and Amex agree that case deadlines should be triggered by, and tied to, the Court's ruling on class certification to ensure efficiency and avoid unnecessary expenses. Their proposed dates are outlined below.

| Event | Deadline |
| --- | --- |
| Hearing on Class Certification | To be determined by the Court |
| Deadline to Serve List of Issues for Expert Testimony unrelated to class certification | Four months after the Court's class certification decision |
| Fact Discovery Cut-Off | Four months after the Court's class certification decision |

| Event | Deadline |
|---|---|
| Opening Expert Reports | Six months after the Court's class certification decision |
| Opposition Expert Reports | Eight months after the Court's class certification decision |
| Rebuttal Expert Reports | Nine months after the Court's class certification decision |
| Expert Discovery Cut-Off | Ten months after the Court's class certification decision |
| Filing of Dispositive Motions | Eleven months after the Court's class certification decision |
| Responses to Dispositive Motions | Twelve months after the Court's class certification decision |
| Replies to Dispositive Motions | Thirteen months after the Court's class certification decision |
| Motions in Limine filing | Fifteen months after the Court's class certification decision |
| Final Pre-Trial Conference | Seventeen months after the Court's class certification decision |
| Jury Trial | Seventeen-and-a-half months after the Court's class certification decision |

Discovery.  Prior to transfer, Plaintiffs agreed to limit fact depositions to six per defendant.  Plaintiffs have already deposed Discover's 30(b)(6) witness, and they have noticed, but have not taken, the depositions of Elinor Smith and Troy Bernard.  Discover has served requests for production on Visa, MasterCard, and American Express for documents that will support its unique defenses in this case.  The requests served on Visa and MasterCard were spurred by the revelation in the transfer proceedings about the inconsistent litigation positions being taken in MDL 1720 and *B&R* on the EMV rollout and fraud liability shift deadline.  The

parties continue to meet and confer on those requests. Discover, Visa, and MasterCard continue to discuss potential coordination of depositions of Visa and MasterCard employees who may provide testimony relevant to Discover's unique defenses in B&R and the issues in MDL 1720. At this time, no discovery issues require the Court's attention.

V.     **MASTERCARD'S AND VISA'S POSITIONS**

Given that Judge Alsup transferred the *B&R Supermarket* action to this Court in consideration of the burdens of duplicative discovery and so that the parties may benefit from discovery efficiencies (Dkt. No. 518), Mastercard and Visa believe that discovery deadlines, including at a minimum the fact discovery cut-off date, should be coordinated with the actions in MDL 1720.

Mastercard and Visa have already been working with the other parties to facilitate coordinated and efficient discovery and will continue to do so. In particular, Mastercard and Visa have now produced in MDL 1720 their *B&R Supermarket* document productions, have produced or are in the process of producing in MDL 1720 their *B&R Supermarket* deposition transcripts, have produced in *B&R Supermarket* relevant documents that were produced in MDL 1720, and have agreed to produce additional documents in *B&R Supermarket* as supplemental MDL productions are made. Mastercard and Visa are continuing to work with the parties in both MDL 1720 and *B&R Supermarket* to share deposition schedules for the remaining fact depositions in both matters, so that the parties can coordinate depositions across the cases as warranted.

Given these circumstances, with respect to a case schedule, Mastercard and Visa believe that the schedule in the longer-pending MDL 1720 should be set first and then the *B&R Supermarket* case schedule coordinated along with it, to achieve efficiency and avoid duplication wherever possible. Mastercard and Visa believe the schedule proposed at this time by the *B&R*

*Supermarket* Plaintiffs is unrealistic and, at a minimum, does not provide sufficient time for expert reports, dispositive motions, and other pre-trial proceedings.

Mastercard and Visa anticipate that Plaintiffs will take up to four additional depositions each of Mastercard and Visa. Depositions of seven individuals previously noticed in this case – Colin McGrath, Chiro Aikat, and Chris McWilton of Mastercard, and Sameer Govil, Ryan McInerney, Ellen Richey, and Bill Sheedy of Visa – have been requested in MDL 1720 beginning in September, and the parties expect the *B&R* and MDL 1720 depositions will be coordinated. Mastercard and Visa do not agree that plaintiffs are entitled to full seven-hour depositions of witnesses who are also being deposed in MDL 1720 on similar issues.

Mastercard and Visa are continuing to meet and confer with Discover regarding Discover's requests for production. Both Mastercard and Visa have made document productions in response to Discover's requests.

Mastercard and Visa believe that class certification has been fully briefed. If it would assist the Court, Mastercard and Visa are not opposed to the parties providing limited, supplemental briefing to provide Second Circuit authority for the legal arguments in the existing briefing, along with a discussion of legal differences (if any) between Second Circuit and Ninth Circuit law. Mastercard and Visa believe that any supplemental briefs should be limited to three pages each and exchanged simultaneously.

Respectfully submitted this 21st day of August, 2017, by:

**ROBBINS ARROYO LLP**

*s/ George C. Aguilar*
GEORGE C. AGUILAR
GREGORY E. DEL GAIZO
JENNY L. DIXON
MICHAEL J. NICOUD
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
gaguilar@robbinsarroyo.com
gdelgaizo@robbinsarroyo.com
jdixon@robbinsarroyo.com
mnicoud@robbinsarroyo.com

**DEVINE GOODMAN RASCO &
 WATTS-FITZGERALD, LLP**
JOHN W. DEVINE
LAWRENCE D. GOODMAN
ROBERT J. KUNTZ, JR.
2800 Ponce De Leon Blvd., Suite 1400
Coral Gables, FL 33134
Telephone: (305) 374-8200
Facsimile: (305) 374-8208
jdevine@devinegoodman.com
lgoodman@devinegoodman.com
rkuntz@devinegoodman.com

**LAW OFFICES OF
 THOMAS G. AMON**
THOMAS G. AMON
PETER B. PATTERSON, JR.
733 3rd Avenue, 15th Floor
New York, NY 10017
Telephone: (212) 810-2430
Facsimile: (212) 810-2427
tamon@amonlaw.com
ppatterson@amonlaw.com

*Counsel for Plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market), Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), and Palero Food Corp. and*

**CRAVATH, SWAINE & MOORE LLP**

*s/ Peter T. Barbur*
PETER T. BARBUR
DAMARIS HERNANDEZ
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
pbarbur@cravath.com
dhernandez@cravath.com

*Attorneys for Defendant American Express Company*

**ARNOLD & PORTER
 KAYE SCHOLER LLP**

*s/ Robert J. Vizas*
ROBERT J. VIZAS
SHARON D. MAYO
Three Embarcadero Center, Tenth Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
robert.vizas@apks.com
sharon.mayo@apks.com

**ARNOLD & PORTER
 KAYE SCHOLER LLP**
MARK R. MERLEY
MATTHEW A. EISENSTEIN
KAREN C. OTTO
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
mark.merley@apks.com
matthew.eisenstein@apks.com
karen.otto@apks.com

**ARNOLD & PORTER
 KAYE SCHOLER LLP**

| | |
|---|---|
| *Cagueyes Food Corp. (d/b/a Fine Fare Supermarket)* | ROBERT C. MASON<br>250 West 55th Street<br>New York, NY 10019<br>Telephone: (212) 836-8000<br>robert.mason@apks.com<br><br>*Attorneys for Defendants Visa Inc. and Visa U.S.A. Inc.*<br><br>**WINSTON & STRAWN LLP**<br><br>*s/ Jeffrey L. Kessler*<br>JEFFREY L. KESSLER<br>EVA W. COLE<br>JOHANNA RAE HUDGENS<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>jkessler@winston.com<br>ewcole@winston.com<br>jhudgens@winston.com<br><br>**WINSTON & STRAWN LLP**<br>ELIZABETH P. PAPEZ<br>1700 K Street, N.W.<br>Washington, DC 20006<br>Telephone: (202) 282-5000<br>Facsimile: (202) 282-5100<br>epapez@winston.com<br><br>**WINSTON & STRAWN LLP**<br>ROBERT Y. SPERLING<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700<br>rsperling@winston.com<br><br>**WINSTON & STRAWN LLP**<br>SEAN D. MEENAN<br>JEANIFER E. PARSIGIAN<br>DANA L. COOK-MILLIGAN<br>101 California Street<br>San Francisco, CA 94111<br>Telephone: (415) 591-1000 |

Facsimile: (415) 591-1400
smeenan@winston.com
jparsigian@winston.com
dlcook@winston.com

*Attorneys for Defendant Discover Financial Services*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*s/ Kenneth A. Gallo*
KENNETH A. GALLO
CRAIG A. BENSON
MICHELLE K. PARIKH
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
cbenson@paulweiss.com
mparikh@paulweiss.com

**TAYLOR & COMPANY LAW OFFICES, LLP**
STEPHEN E. TAYLOR
CHERYL A. GALVIN
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
staylor@tcolaw.com
cgalvin@tcolaw.com

*Attorneys for Defendant MasterCard International Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties and attorneys of record.

    *s/ George C. Aguilar*
    GEORGE C. AGUILAR

    ROBBINS ARROYO LLP
    600 B Street, Suite 1900
    San Diego, CA 92101
    Telephone: (619) 525-3990
    Facsimile: (619) 525-3991
    gaguilar@robbinsarroyo.com