

600 B Street, Suite 1900
San Diego, CA 92101
619.525.3990 *phone*
619.525.3991 *fax*
www.robbinsarroyo.com

September 25, 2017

**VIA ECF**

The Honorable James Orenstein, U.S.M.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, NY 11201

      Re:    *B&R Supermarket, Inc., et al. v. Visa, et al.*, Case No. 1:17-cv-02738-MKB-JO

Dear Judge Orenstein:

      Plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market), Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), and Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) (collectively, the "B&R Plaintiffs") respectfully submit this response to defendant Mastercard International Inc.'s ("Mastercard") motion for a protective order limiting the deposition of Oliver Manahan ("Motion").

      Mastercard grossly simplifies the issue, glossing over significant matters and providing the Court with little more than vague assertions and conclusions. Mastercard falls far short of its burden of "proving the propriety of a protective order" through "***particular and specific demonstrations of fact as opposed to broad allegations and conclusory statements***." *Giarraffa v. Andersen Corp.*, No. CV 88-2490 (JBW), 1990 WL 129982, at \*1 (E.D.N.Y. Aug. 27, 1990) (rejecting protective order because "the defendant has made no showing of any factual information to illustrate good cause").[1]

      First, Mastercard paints the situation as a witness being deposed by multiple parties ***within the same case***. Mastercard improperly frames its request as "a protective order limiting the deposition of Mr. Manahan" (Motion at 1)—in reality, it is a request to limit ***two depositions*** of Mr. Manahan in ***two separate cases*** that have not been consolidated. At the June 8, 2017 status conference, the Court recognized the substantial differences between the cases and asked "if there's a conceptual disagreement with the idea that these are ***separate cases***, [*B&R*] on the one hand and the 1720 on the other." *See* Ex. 1 hereto (additional excerpts of June 8, 2017 status conference transcript) at 13:24-14:4. No party in either case disagreed.

      Second, the Court's expressed views have always accounted for the distinct nature of the two cases. Mastercard cites to the minute order from a lengthy conference at which the Court discussed avoiding duplication of discovery among the *B&R* and 1720 actions. Motion at 3. However, the Court also made plain that it "***will not otherwise formally coordinate the actions***"

---

[1] Here, as throughout, all citations and footnotes are omitted and all emphasis is deemed added, unless otherwise noted.

(Dkt. 553 at 1) and rejected the argument Mastercard is making here, stating at the conference that "*I am not seeing B&R as a case where the presumption is they have to get their discovery done at the same deposition as 1720*," and "*I wouldn't for example, presume that a seven-hour deposition for a given witness in 1720 also has to include questions for B&R*." Ex. 1 at 12:24-13:1-5.

Third, Mastercard characterizes the B&R Plaintiffs and plaintiffs in the 1720 actions as unreasonable when, in reality, they have sought reasonable coordination to reduce burdens where possible without sacrificing substantive rights. Mastercard's assertion that the plaintiffs "refused to coordinate their questioning, relying on a bogus claim that coordination somehow would waive their attorney work-product protection" is misplaced and incorrect. Motion at 1. There is no requirement that plaintiffs in different cases work together and share outlines, questions, strategies, or potential documents in advance of deposing someone who happens to be a witness in both cases. To require such would be unnecessary, unreasonable, unworkable, and inappropriate. Moreover, plaintiffs *have* offered concessions for the sake of efficiency. For example, the B&R Plaintiffs offered to take Mr. Manahan's deposition the day before or the day after he was scheduled to be deposed in the 1720 actions, which would allow for efficiencies in travel and preparation. Motion, Ex. A at 2. On a September 15, 2017 meet and confer call, the B&R Plaintiffs and plaintiffs in the 1720 actions each offered to attend the deposition in the other matter, to attempt in good faith to reduce the amount of time taken in the subsequent deposition and minimize any duplicate questioning.

Fourth, Mastercard falls far short of demonstrating any facts sufficient to constitute "good cause" for a protective order that nearly halves the amount of time available to plaintiffs in the two separate actions to take Mr. Manahan's deposition. Mastercard makes the dubious assertions that "Mr. Manahan's knowledge is relevant only to EMV allegations, which overlap between the 1720 actions and the *B&R Supermarket* litigation" and that '[t]he plaintiffs should therefore be able to coordinate their questioning to avoid duplication." Motion at 1. Mastercard does not reference a single allegation, let alone demonstrate how the "EMV allegations … overlap." *Id.* Mastercard offers *no specific facts* supporting any of its assertions: (a) that "Mr. Manahan's knowledge is relevant only to EMV allegations" (nor does Mastercard define what it even means by its vague usage of this incredibly broad term); (b) that the "EMV allegations … overlap between the 1720 actions and the *B&R Supermarket* litigation"; or (c) that "the plaintiffs should … be able to coordinate their questioning to avoid duplication." *Id.* The B&R Plaintiffs intend to question Mr. Manahan on issues and theories of liability and damages relating to *the B&R case*: the U.S. liability shift, the liability shift in other markets, alternatives considered rather than the liability shift, fraud chargebacks and other types of chargebacks, certification, Manahan's participation in trade groups and committees that relate to the issues in the action, and other issues. All these questions will be asked from the B&R Plaintiffs' perspective, which is fundamentally different than that of plaintiffs in the 1720 actions.

Moreover, Mastercard makes no showing of any unique burden on it or Mr. Manahan, other than referencing that he is a "foreign" witness who resides in Canada and asserting that a deposition

on September 27 or 29, 2017, is "not convenient for Mr. Manahan."[2]  Motion at 1-2, 3 n.2.  Mere inconvenience is not good cause.  *See Monserrate v. K.K. Mach. Co. Inc.*, No. 10-3732 TLM, 2013 WL 1412194, at *1 (E.D.N.Y. Apr. 8, 2013) (recognizing the difference between "merely inconvenient" and "good cause").  Based on his LinkedIn profile, Mr. Manahan currently works for a company in Toronto, which is approximately a one-hour flight from New York[3]—there is hardly any "undue burden" associated with such a trip.

Mastercard offers no authority supporting its argument or demonstrating that it has established "good cause" here.  Mastercard's citation to *Salt Lake City Corp. v. ERM-West, Inc.*, No. 2:11-cv-1174-TS-PMW, 2014 WL 6386802, at *5 (D. Utah Nov. 14, 2014) is inapposite and nothing like this case.  Motion at 3.  Most importantly, *Salt Lake* involved the prospect of multiple depositions *within the same case*, not across two cases.  2014 WL 6386802, at *4.  There, three defendants each sought to take a 30(b)(6) deposition of each of the three plaintiffs in a single matter.  *Id.*  The plaintiffs designated one person to testify on behalf of all three, and sought to have only one deposition, rather than three depositions of the same designee.  *Id.*  Plaintiffs additionally offered to allow the deposition "to extend beyond the standard seven hours," and offered additional rule 30(b)(6) designations if there were matters about which the designated witness could not testify.  *Id.*  Under these circumstances, the Court granted the protective order.  *Id.* at *6.  Here, Mastercard is attempting to force different plaintiffs in separate cases to take a single deposition that is a mere one hour longer than *each* group would be entitled to take on its own.

Lastly, Mastercard's position is intended to apply to all of its witnesses deposed in the *B&R* and the 1720 actions.  Motion, Ex. A at 6-7 (email from Mastercard's counsel asserting that "Mastercard intends to offer *these* witnesses for deposition only once").  Mastercard has simply decreed arbitrarily a time limit for Mr. Manahan's deposition (and likely other depositions), ignoring that multiple groups of plaintiffs need to depose him in the 1720 actions, and that defendants in the *B&R* action may also want time to depose these witnesses.  Indeed, Discover's request for an hour for the questioning of Mr. Manahan demonstrates that Mastercard's arbitrary time allotment among the separate cases is unworkable.  Motion at 2 n.1.  Apparently, Discover, or any other defendant, either must coordinate with plaintiffs' counsel on the questioning it requires or is immune from any coordination.  In either respect, the unworkable and inappropriate nature of Mastercard's proposal is manifest.

The B&R Plaintiffs respectfully request that the Court deny Mastercard's request for a protective order.

---

[2] At this point, Mastercard's assertion of Mr. Manahan's unavailability on September 27 or 29, 2017, suggests that the B&R Plaintiffs will have to depose Mr. Manahan at another date.

[3] *See* Ex. 2 hereto (Oliver Manahan LinkedIn profile page, https://www.linkedin.com/in/olivermanahan); Flight Time from Toronto, Canada to New York, New York, TravelMath, https://www.travelmath.com/flying-time/from/Toronto,+Canada/to/New+York,+NY) (indicating flight time as 1 hour and 11 minutes).  Both sites were accessed on September 22, 2017.

*B&R Supermarket, Inc., et al. v. Visa, et al.*
September 25, 2017
Page 4

    Sincerely,

    */s/ George C. Aguilar*

    George C. Aguilar (admitted *pro hac vice*)

    *Attorney for the B&R Plaintiffs*

cc:    All Counsel of Record (via ECF)

1210518