

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ELIZABETH P. PAPEZ
Partner
(202) 282-5678
epapez@winston.com

**VIA ECF**

September 25, 2017

The Honorable Magistrate Judge James Orenstein
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, NY 11201

Re: *B & R Supermarket, Inc., et al. v. Visa, Inc., et al.*, Case No. 1:17-cv-02738-MKB-JO

Dear Judge Orenstein:

Pursuant to Local Rule 37.3 for the Eastern District of New York and to this Court's Order on September 21, 2017, I write on behalf of Discover Financial Services ("Discover") to respond to Mastercard's Letter Motion for a Protective Order (Dkt. 591) regarding the deposition of Oliver Manahan.

Mastercard seeks this Court's intervention to unjustifiably hamper the rights of the parties in *B&R Supermarket, Inc. et al. v. Visa, Inc., et al.* (the "*B&R* case") and *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation* ("MDL 1720") by limiting the deposition testimony of Oliver Manahan, an important witness with relevant and unique testimony to provide in both cases, to a total of just 8 hours. This position is untenable given the numerous parties with unique interests in pursuing testimony from Mr. Manahan.

Indeed, Discover – a defendant in only the *B&R* case – seeks to question Mr. Manahan concerning numerous subjects relevant to Discover's unique defenses in the *B&R* case including debit solutions, AID cross-licensing, and the Durbin Amendment.[1] Specifically, Discover plans to explore with Mr. Manahan the interplay of the debit market, EMV, and the fraud liability shift with any broader scheme by Mastercard to *restrain* competition from Discover and its debit affiliate PULSE, including over chip debit transactions subject to the Durbin Amendment. It is extremely unlikely that *B&R* Plaintiffs would have any interest in developing such testimony, because to do so would be contrary to their *B&R* case allegations. It would thus be particularly inappropriate for defendant Discover to attempt to coordinate specific lines of questioning with opposing counsel in either the *B&R* case or MDL 1720. Accordingly, Discover should be entitled to pursue these subjects separate and apart from any questioning of the *B&R* or MDL 1720 Plaintiffs, and Discover should not be forced to conduct its questioning in an unreasonably restrictive amount of time should Mr. Manahan's deposition be limited pursuant to Mastercard's request.

---

[1] Indeed, Mr. Manahan has only recently been identified as a relevant custodian of documents responsive to Discover's Requests for Production of Documents to Mastercard.



In the alternative, and in an effort to maximize efficiencies, Discover would be willing to forgo direct questioning of upcoming Mastercard deponents, including Mr. Manahan, and limit its testimony to "clean up" questions regarding the documents and information discussed in the deposition, *if* Mastercard agrees is willing to provide a 30(b)(6) deposition on debit-related topics.  Absent agreement that Discover can seek 30(b)(6) deposition testimony on debit-related topics so integral to Discover's defenses in the *B&R* case, Discover is entitled to seek testimony from Mr. Manahan and should not be constrained into only 8 hours of testimony for multiple questioners as Mastercard requests.

Very truly yours,

*/s Elizabeth P. Papez*
Elizabeth P. Papez