# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA | | |
|---|---|---|---|---|
| JOHN W. WHITE | PHILIP J. BOECKMAN | 825 EIGHTH AVENUE | ERIC W. HILFERS | D. SCOTT BENNETT |
| EVAN R. CHESLER | WILLIAM V. FOGG | NEW YORK, NY 10019-7475 | GEORGE F. SCHOEN | TING S. CHEN |
| PHILIP A. GELSTON | FAIZA J. SAEED | | ERIK R. TAVZEL | CHRISTOPHER K. FARGO |
| RICHARD W. CLARY | RICHARD J. STARK | TELEPHONE: +1-212-474-1000 | CRAIG F. ARCELLA | KENNETH C. HALCOM |
| JAMES D. COOPER | THOMAS E. DUNN | FACSIMILE: +1-212-474-3700 | DAMIEN R. ZOUBEK | DAVID M. STUART |
| STEPHEN L. GORDON | MARK I. GREENE | | LAUREN ANGELILLI | AARON M. GRUBER |
| DANIEL L. MOSLEY | DAVID R. MARRIOTT | | TATIANA LAPUSHCHIK | O. KEITH HALLAM, III |
| ROBERT H. BARON | MICHAEL A. PASKIN | | ERIC L. SCHIELE | OMID H. NASAB |
| DAVID MERCADO | ANDREW J. PITTS | | ALYSSA K. CAPLES | DAMARIS HERNÁNDEZ |
| CHRISTINE A. VARNEY | MICHAEL T. REYNOLDS | | JENNIFER S. CONWAY | JONATHAN J. KATZ |
| PETER T. BARBUR | ANTONY L. RYAN | CITYPOINT | MINH VAN NGO | MARGARET SEGALL D'AMICO |
| SANDRA C. GOLDSTEIN | GEORGE E. ZOBITZ | ONE ROPEMAKER STREET | KEVIN J. ORSINI | RORY A. LERARIS |
| THOMAS G. RAFFERTY | GEORGE A. STEPHANAKIS | LONDON EC2Y 9HR | MATTHEW MORREALE | KARA L. MUNGOVAN |
| MICHAEL S. GOLDMAN | DARIN P. MCATEE | TELEPHONE: +44-20-7453-1000 | JOHN D. BURETTA | |
| RICHARD HALL | GARY A. BORNSTEIN | FACSIMILE: +44-20-7860-1150 | J. WESLEY EARNHARDT | |
| JULIE A. NORTH | TIMOTHY G. CAMERON | | YONATAN EVEN | SPECIAL COUNSEL |
| ANDREW W. NEEDHAM | KARIN A. DEMASI | | BENJAMIN GRUENSTEIN | SAMUEL C. BUTLER |
| STEPHEN L. BURNS | LIZABETHANN R. EISEN | | JOSEPH D. ZAVAGLIA | |
| KEITH R. HUMMEL | DAVID S. FINKELSTEIN | WRITER'S DIRECT DIAL NUMBER | STEPHEN M. KESSING | |
| DAVID J. KAPPOS | DAVID GREENWALD | +1-212-474-1058 | LAUREN A. MOSKOWITZ | |
| DANIEL SLIFKIN | RACHEL G. SKAISTIS | | DAVID J. PERKINS | OF COUNSEL |
| ROBERT I. TOWNSEND, III | PAUL H. ZUMBRO | WRITER'S EMAIL ADDRESS | JOHNNY G. SKUMPIJA | MICHAEL L. SCHLER |
| WILLIAM J. WHELAN, III | JOEL F. HEROLD | pbarbur@cravath.com | J. LEONARD TETI, II | |

October 20, 2017

B & R Supermarket, Inc., et al. v. Visa Inc., et al.,
Case No. 1:17-cv-02738-MKB-JO

Dear Judge Orenstein:

    Pursuant to the Court's request at the October 13, 2017 status conference, Defendants American Express, Discover, MasterCard, and Visa (collectively, "Defendants") respectfully submit this letter regarding the relationship between Plaintiffs' claims before this Court and Plaintiffs' claims against American Express that were transferred to the Southern District of New York.

## I. Procedural History

    This case was filed by Plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market) and Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) (collectively, "Plaintiffs")[1] against Defendants in the Northern District of California before the Honorable Judge William Alsup. Based on forum-selection provisions in American Express's agreements with merchants who accept its cards for payment ("Card Acceptance Agreements"), Judge Alsup severed all claims by Plaintiffs B & R Supermarket and Monsieur Marcel against American Express and transferred them to the Southern District of New York. (Order Grant'g Mot. to Trans., June 24, 2016, Dkt No. 282; Order Grant'g Unopposed Mot. to Trans., Nov. 9, 2016, Dkt No. 358.) This left Fine Fare—the only Plaintiff that does not accept American Express cards, and therefore, does not have an agreement with American Express—as the sole Plaintiff with claims

---

[1] B & R Supermarket and Grove Liquors operate under a single account with American Express (see Dkt No. 282 at 2), and are collectively referred to as "B & R Supermarket". Palero and Cagueyes both do business as Fine Fare Supermarket and are referred to as "Fine Fare".

against American Express in the Northern District of California. Thus, at the time Judge Alsup transferred this action to the Eastern District of New York (see Order Grant'g Mot. to Trans., May 4, 2017, Dkt No. 518), the only claims remaining against American Express were the class claims brought by Fine Fare. All other claims against American Express are in the Southern District of New York.

All claims against American Express by merchants *that accept* American Express cards are now in the Southern District of New York. These are the claims brought by B & R Supermarket and Monsieur Marcel against American Express, on behalf of a class of merchants that accept American Express Cards, and who are subject to the forum-selection and arbitration provisions in American Express's Card Acceptance Agreements. (Dkt Nos. 282, 358.) These include both claims for American Express's alleged liability for its own EMV-related fraud chargebacks, and claims for American Express's alleged joint and several liability for the EMV-related fraud chargebacks allegedly imposed by Visa, MasterCard, and Discover. Fine Fare, which *does not accept* American Express, seeks to hold all four networks jointly and severally liable for fraud chargebacks allegedly imposed by Visa, MasterCard and Discover. To be clear, all claims for Visa's, MasterCard's, and Discover's alleged liability for EMV-related fraud chargebacks from all four networks, including American Express, remain in the Eastern District. American Express is the only defendant in the Southern District.

In sum, this action now includes (i) claims brought on behalf of merchants who accept American Express cards asserting joint and several liability against only Visa, MasterCard, and Discover; and (ii) claims brought on behalf of merchants who *do not* accept American Express cards asserting joint and several liability against all Defendants—Visa, MasterCard, American Express, and Discover.

## II. Class Certification Issues

Clarifying which of Plaintiffs' claims against American Express remain in this Court sheds light on two fundamental issues with Plaintiffs' proposed class, both of which are consequences of Plaintiffs' unsupported and overbroad class definition. (See Defs.' Suppl. Class Cert. Opp. Letter, Sept. 9, 2017, Dkt. No. 588.)

First, Plaintiffs' proposed class is overbroad because it captures the claims of B & R Supermarket and Monsieur Marcel against American Express, which cannot be brought in this Court. Because B & R Supermarket and Monsieur Marcel accept American Express and have Card Acceptance Agreements with American Express, their claims can proceed only in the Southern District. (See American Express's Opp. to Pl's Mot. for Class Cert., Apr. 7, 2017, Dkt. No. 463 at 2; Dkt. No. 588 at 5 n.2.) The proposed class is similarly problematic because it includes claims by Fine Fare against American Express on behalf of a putative class that includes American Express-accepting merchants. (Dkt No. 463 at 2.) Fine Fare cannot assert claims on behalf of American Express-accepting merchants in this Court because it does not accept American Express, does not have a Card Acceptance Agreement with American Express, and because those merchants' claims must proceed in the Southern District.

3

Second, American Express's position is that California and Florida state law classes against it cannot be certified because there are no appropriate class representatives with claims against American Express in this case. Fine Fare—the only named Plaintiff with claims against American Express—is a New York business with no interest in these state law claims, and it therefore fails the typicality requirement. (Id. at 3.)

The two issues described above provide further grounds for denying Plaintiffs' Motion for Class Certification.

Respectfully,

/s/ Peter T. Barbur

Peter T. Barbur
Damaris Hernández

The Honorable James Orenstein
   U.S. District Court for the Eastern District of New York
      225 Cadman Plaza East, Room 1227 South
         Brooklyn, NY 11201

VIA ECF