

600 B Street, Suite 1900
San Diego, CA 92101
619.525.3990 *phone*
619.525.3991 *fax*
www.robbinsarroyo.com

October 20, 2017

<u>VIA ECF</u>

The Honorable Margo K. Brodie
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Room N 626
Brooklyn, NY 11201

Re:  <i>B&R Supermarket, Inc., et al. v. Visa, Inc., et al.</i>, Case No. 1:17-cv-02738-MKB-JO

Dear Judge Brodie:

Plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market), Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), and Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) (collectively, "Plaintiffs") respectfully submit this letter in response to questions asked by the Honorable James Orenstein on behalf of the Court at the October 13, 2017 status conference regarding the relationship between Plaintiffs' motion for class certification and the claims against defendant American Express Company ("American Express").

By way of background, defendant American Express moved to compel arbitration and to sever and transfer the claims against it by the then-named plaintiffs from the U.S. District Court for the Northern District of California (the "Northern District") to the U.S. District Court for the Southern District of New York (the "Southern District") based on provisions contained in its standard merchant agreement, the Card Acceptance Agreement ("CAA"). Dkt. No. 229. On June 24, 2016, the Northern District ordered that B&R Supermarket and Grove Liquors' claims against American Express be severed and transferred to the Southern District. Dkt. No. 282. On September 30, 2016, the Northern District granted plaintiffs Strouk Group LLC ("Monsieur Marcel") and Palero Food Corp. and Cagueyes Food Corp. (together, "Fine Fare") leave to intervene in the action. Dkt No. 346. Monsieur Marcel was a party to the CAA because it accepted American Express, and its claims were subsequently ordered severed and transferred to the Southern District. Dkt. Nos. 352, 358.

Plaintiffs B&R Supermarket, Grove Liquors, and Monsieur Marcel, whose claims against American Express were severed and transferred to the Southern District, may yet maintain claims arising from American Express's chargebacks against Visa, Mastercard and Discover based on joint and several liability rooted in American Express's participation in the alleged antitrust conspiracy. As detailed in the class certification briefing, Plaintiffs have adduced common evidence that American Express conspired with Visa, Mastercard and Discover to impose and maintain the Liability Shift. Dkt. No. 425 at 5-9, 15-16; Dkt. No. 503 at 7-9. Co-conspirators are liable not only for the injury caused by their own conduct, but are also jointly and severally liable for all damages caused by the conspiracy in which they participate. Dkt. No. 503 at 16-18.

*B&R Supermarket, Inc., et al. v. Visa, et al.*
October 20, 2017
Page 2

As to plaintiff Fine Fare, it is one of "the millions of U.S. merchant locations that have accepted Visa, MasterCard and/or Discover cards without accepting American Express cards." Dkt. No. 229 at 9. As such, Fine Fare is not subject to the CAA and remains a plaintiff in this action with antitrust conspiracy claims seeking to hold American Express jointly and severally liable for the fraud chargebacks imposed by Visa, Mastercard and Discover.

By their class certification motion, Plaintiffs seek to certify a class of merchants who have been unlawfully subjected to the so-called Liability Shift for the assessment of MasterCard, Visa, Discover, and/or American Express payment card chargebacks. Dkt. No. 425 at 2. The propriety of the class definition does not hinge on whether class members accepted American Express cards. Dkt. No. 503 at 15-18; *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 681 (N.D. Cal. 2011) (citing cases); *Ehret v. Uber Techs., Inc.*, 148 F. Supp. 3d 884, 902-03 (N.D. Cal. 2015) ("whether an absent class member is bound by the arbitration clause is a question that can be dealt with on a class-wide basis, as it does not appear that there will need to be an individualized inquiry as to whether the arbitration clause is generally enforceable"); *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 846 (D. Md. 2013) ("mandatory arbitration clauses, forum selection clauses, and class action and jury trial waivers, all of which would contractually bar them from participating in this class action .... did not defeat class certification"). As explained above, those merchants who accept American Express cards, like B&R Supermarket or Monsieur Marcel, may pursue damages arising from American Express chargebacks against Visa, Mastercard or Discover, all three of which are jointly and severally liable for American Express's chargebacks.

Lastly, modifying the class definition with subclasses is not proposed by Plaintiffs nor is it necessary given American Express's joint and several liability. Nonetheless, the Court has the discretion to modify the definition to ensure precision or create subclasses. *Diaz v. Residential Credit Sols., Inc.*, 297 F.R.D. 42, 54-55 (E.D.N.Y. 2014) (modifying the class definition where the court found plaintiffs' proposed class to be "overinclusive").

Plaintiffs are available to answer further inquiries from the Court either at the scheduled November 29, 2017 hearing or before.

Sincerely,

*/s/ George C. Aguilar*

George C. Aguilar (admitted *pro hac vice*)

*Attorney for Plaintiffs*

cc:   All Counsel of Record (via ECF)