

600 B Street, Suite 1900
San Diego, CA 92101
619.525.3990 phone
619.525.3991 fax
www.robbinsarroyo.com

August 27, 2019

<u>VIA ECF</u>

The Honorable Margo K. Brodie
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<b>Re: <i>B&R Supermarket, Inc., et al. v. Visa, Inc., et al.</i>, Case No. 1:17-cv-02738-MKB-JO</b>

Dear Judge Brodie:

Plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market), Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), and Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) (collectively, "Plaintiffs") respectfully submit this response to the notice of supplemental authority submitted by defendants Visa Inc. and Visa U.S.A. Inc., Mastercard International Incorporated, and Discover Financial Services ("Defendants").

The D.C. Circuit Court's affirmance in *In Re Rail Freight Fuel Surcharge Antitrust Litigation*, --- F.3d ---, No. 18-7010, 2019 WL 3850581 (D.C. Cir. Aug. 16, 2019), does not advance Defendants' arguments in the predominance analysis under Fed. R. Civ. P. 23(b)(3). There, the Circuit Court found that the District Court did not abuse its discretion in determining that 2,037 uninjured class members out of a class of 16,065, or 12.7% of the proposed class, was more than what could be considered "de minimis" in the predominance analysis. *Id.* at *4-5. The Circuit Court noted that a "'few reported decisions' involving uninjured class members 'suggest that 5% to 6% constitutes the outer limits of a de minimis number.'" *Id.* at *4 (quoting *In Re Rail Freight Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 137 (D.D.C. 2017)). The Circuit Court also rejected an affidavit mechanism to avoid individual trials where the question to determine class eligibility involved issues such as "impacts on shippers of different sizes, shipping different products in different geographic markets, with different transportation option and different degrees of leverage," an analysis "far more complex" than "a single unitary question." *Id.* at *5.

Here, Dr. Micah Officer's review and analysis, as explained in Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Class Certification Expert (Dkt. No. 708-4) at 19-20, found reimbursement rates to proposed class members that are undoubtedly "de minimis" as defined by the Circuit Court's holding above. Even Dr. Officer's review of the individual processor's reimbursement rates would still produce a "de minimis" percentage as defined above. *Id.*; *see also* Plaintiffs' Reply in Response to Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification ("Class Reply," Dkt. No. 706-27) at 18. Lastly, as explained in Plaintiffs' Class Reply at 23, the question, if required, to proposed class members here would simply be whether the FLS chargeback was paid by the class member.

Plaintiffs have met the standards articulated by the D.C. Circuit Court in *In Re Rail Freight Fuel Surcharge*.

Sincerely,

*/s/ George C. Aguilar*

George C. Aguilar (admitted *pro hac vice*)

*Attorney for Plaintiffs*

cc:   All Counsel of Record (via ECF)