

North America   Europe   Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**JAMES F. HERBISON**
Partner
(312) 558-5700
jherbison@winston.com

**VIA ECF**

September 29, 2020

Honorable Margo K. Brodie
225 Cadman Plaza East, Chambers N 626
Brooklyn, NY 11201

Re:   *B & R Supermarket, Inc., et al. v. Visa, Inc., et al.*, Case No. 1:17-cv-02738-MKB-JO

Dear Judge Brodie:

On behalf of Discover Financial Services, I write to request a pre-motion conference and schedule for Discover's motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 ("FAA"), and Federal Rules of Civil Procedure 12(b)(1) and (b)(3) (the "Motion").

Discover and Plaintiffs have conferred regarding Discover's intended Motion, and have agreed to the following briefing schedule:

| EVENT | DEADLINE TO FILE |
|---|---|
| **Discover's Motion** | October 30, 2020 |
| **Plaintiffs' Opposition** | December 4, 2020 |
| **Discover's Reply** | December 23, 2020 |
| **Hearing on Motion** | On a date and time convenient to the Court |

On August 28, 2020, the Court granted Plaintiffs' renewed motion for class certification, certifying a class of "[m]erchants who incurred one or more unreimbursed chargeback(s) between October 1, 2015 through and including September 30, 2017, pursuant to the Fraud Liability Shift for the assessment of Mastercard, Visa, Discover and/or Amex payment card chargebacks. Excluded from the Class are members of the judiciary and government entities or agencies." (Dkt. 725 at 43.)

During the class period, Discover had direct contractual relationships with approximately 1,200 merchants ("Direct Merchants") pursuant to valid agreements containing enforceable arbitration clauses. These merchants' relationships with Discover are governed by a standardized merchant services agreement or, in some cases, through individually negotiated agreements. Through these contracts, Direct Merchants agree to abide by the terms of Discover's Operating Regulations, which contain the arbitration provisions Discover now seeks to enforce against these



members of the certified class.

Plaintiffs' claims in this case fall within the scope of the arbitration clause in Discover's Operating Regulations. *See Hartford Accident and Indem. Co., v. Swiss Reinsurance Amer. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (finding district court erred by narrowly construing arbitration clause that was "unquestionably sufficiently broad to encompass" the claims). Specifically, the relevant agreements oblige the parties to resolve any "Disagreement" through an alternative dispute resolution ("ADR") process that culminates in "binding arbitration administered by the American Arbitration Association . . . under its Commercial Arbitration Rules." (Discover's Merchant Operating Regulations, effective Oct. 16, 2015, §§ 17.14.1, 17.14.3.) The term "Disagreement" is broadly defined to encompass "[a]ny dispute, claim, or controversy of any kind or nature between [a Direct Merchant] and [Discover] arising out of or related to [their] relationship, the Agreement, any of the Program Documents, or respective obligations of the transactions contemplated hereby or thereby[] . . . ." (*Id.*, § 18.) The "Program Documents" include the Merchant Operating Regulations through which Discover introduced and implemented the October 2015 EMV certification and merchant chargeback liability at the heart of this case. (*Id.*, §§ 18, 5.10.1, 5.10.2; *see, e.g.*, Dkt. 291 (Amended Compl.), ¶¶ 79–80, 82–96, 113.) The class claims by Direct Merchants against Discover therefore "come[] within the scope of the arbitration agreement." *Scott v. JPMorgan Chase & Co.*, 603 Fed. App'x 33, 35 (2d Cir. 2015).

The Supreme Court unanimously reaffirmed last year that "courts must enforce arbitration contracts according to their terms," including where the parties have agreed that the "arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527, 529 (2019); *see also Duraku v. Tishman Speyer Properties, Inc.*, 714 F. Supp. 2d 470, 473 (S.D.N.Y. 2010) (Under the FAA, "it is for courts to decide whether the parties agreed to arbitrate the claims at issue" "unless parties have unambiguously provided for an arbitrator to decide questions of arbitrability." (citing *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 406 (2d Cir. 2009)). If there were any doubt as to the scope of the agreement, "as a matter of federal law," it must "be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (FAA's arbitration mandate "leaves no place for the exercise of discretion by a district court"); *Bassett*, 93 F. Supp. 3d at 101, 102 (Brodie, J.) (similar). Under controlling law, that is the end of the inquiry and the Court must compel these Direct Merchants' claims to arbitration. *See Hartford*, 246 F.3d at 226; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011); *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234–35 (2d Cir. 2006).

Discover's Motion is ripe now that the Court has certified a class, thereby bringing those merchants who were previously absent class members, including the Direct Merchants, as parties before this Court. Prior to class certification, and "without [a merchant subject to the arbitration agreement] as a named plaintiff, there [wa]s no need to analyze [a motion to compel arbitration]." *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 398 (S.D.N.Y. 2003); Dkt. 346 at 21. That is because a defendant "does not have a right to compel arbitration against



unnamed [c]lass members prior to class certification." *Mora v. Harley-Davidson Credit Corp.*, No. 1:08-CV-01453-AWI, 2012 WL 1189769, at *15 (E.D. Cal. Apr. 9, 2012), *report and recommendation adopted*, No. 1:08-CV-1453 AWI BAM, 2012 WL 3245518 (E.D. Cal. Aug. 7, 2012).

In fact, prior to this case's transfer to this Court, Discover moved to compel arbitration against a proposed intervenor-plaintiff who had an arbitration agreement with Discover. (Dkt. 308.) At that time, the Northern District of California court indicated that the only plaintiffs that are party to the suit are the named plaintiffs. (*See* 6/23/16 Hrg. Tr. at 61:24-25 ("right now . . . you got just B&R. That's it."); 9/22/16 Tr. at 3:10-11 ("It's not a class yet. It's just B&R.").) Consequently, the Northern District of California court denied as moot Discover's motion to compel arbitration after denying the proposed party's motion to intervene. (Dkt. 346 at 21.) Since then, Discover has raised with this Court its intention to compel arbitration "at the appropriate time," *i.e.* "after this Court issues an order on class certification and only if the Court certifies a class." (Dkt. 552 at 10; *see* 8/24/17 Tr. at 10:19-21 ("[W]e don't think it would be proper for the court to have us brief [Discover's Motion] . . . because some of these people may not ever be before the court."); Dkts. 308, 596, 632, 638, 646.) *See also Coca-Cola Bottling Co. of N.Y. v. Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 57 (2d Cir. 2001) (confirming there is a "strong presumption in favor of arbitration," and the "waiver of the right to arbitration is not to be lightly inferred") (quotation marks omitted). Therefore, consistent with the law and the history of this case, now that the class has been certified and its class members are before the Court, Discover's Motion to compel Direct Merchants to arbitrate is ripe for review.

Accordingly, and pursuant to Your Honor's Individual Practice and Rule 3(A), Discover respectfully requests a pre-motion conference as necessary to set a briefing schedule on Discover's motion to compel arbitration.

Sincerely,

*/s/ James F. Herbison*

James F. Herbison


Cc: All Counsel (via ECF)