

5040 Shoreham Place
San Diego, CA 92122
619.525.3990 *phone*
619.525.3991 *fax*
www.robbinsllp.com

January 18, 2022

**VIA CM/ECF**

Honorable Vera M. Scanlon
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1214 South
Brooklyn, NY 11201

> Re: ***B&R Supermarket, Inc., et al. v. Visa Inc., et al.*, Case No. 1:17-cv-02738-MKB-VMS**

Dear Judge Scanlon:

Pursuant to the Court's Individual Practice Rules, Section III(b), plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market), Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), and Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) ("Plaintiffs") respectfully submit this response to defendants American Express, Visa, Mastercard, Discover's ("Defendants") letter motion submitted January 11, 2022 (ECF No. 768) (the "Letter Motion").

Defendants do not come close to meeting their burden of identifying *specific* facts that demonstrate good cause for additional deposition time. *Williams v. Fire Sprinkler Assocs. Inc.*, No. CV153147ADSAKT, 2017 WL 1156012, at *2 (E.D.N.Y. Mar. 27, 2017) (rejecting request for additional deposition time and recognizing that counsel "offer[ed] no basis for their calculation of four additional hours of testimony").

The majority of Defendants' purported reasons for seeking more time are vague and generalized. Defendants cannot simply recite these generalized reasons to demand more time, as establishing whether the "requisite 'good cause' exists requires a fact-specific inquiry." *Id.* Defendants' reasons that more time is justified include "the number of defendants plaintiffs have sued (each with distinct competitive positions and defenses and unique questions for each expert), the substantial amount in controversy in this class action, and the inconsequential added burden of additional time to plaintiffs." Letter Motion at 1. These same descriptions could apply to most complex cases, and Defendants' argument implies that for complex cases there is an exception to the rule that a party seeking more than seven hours needs to establish good cause—there is not.

Given the necessary fact-specific showing, Defendants' timing on this motion is wrong. Defendants should proceed with the presumptive single day of testimony, and ***if*** it is necessary for more, ***then*** they can petition the Court for additional time. *Benitez v. Lopez*, No 17-CV-3827-SJ-SJB, 2019 WL 1578167, at *1 (E.D.N.Y. Mar. 14, 2019) (holding that motion for more deposition time was premature because "[w]ithout the deposition proceeding first, the ***Court has no basis on the present record to conclude there exists good cause to permit more than 7 hours of***

*questioning*); *Williams*, 2017 WL 1156012, at \*4 (holding that "the Court is unable to conduct [a 'good cause'] inquiry where, as here, the specific transcript at issue has not been provided"); *Saeed v. Cty. of Nassau*, No. CV 09-3314 DRH AKT, 2011 WL 6945755, at \*1-2 (E.D.N.Y. May 23, 2011) (allowing for more deposition time only "[a]fter thoroughly reviewing the deposition transcripts" and recognizing that "Defendants' request for an additional seven hours is excessive and not supported by the relevant case law").

Defendants are attempting to ask for more time now because they know they will not be able to justify their request later—they do not even disguise this reasoning, citing to an out of context snippet from a hearing in the related MDL 1720 action where the Court echoed Defendants' concern that "If you don't know that you're going to have that leeway **because you may not persuade me over objection that it's needed**, then you really do have to cram it all into the first two days." Letter Motion at 3; MDL 1720, Hr'g Tr., Nov. 7, 2019 at 140: 18-24 (attached to Letter Motion).

Defendants fail to demonstrate specifically why they cannot accomplish the depositions of Dr. Abrantes-Metz and Dr. Officer in seven hours or less, or how they would spend their time. Defendants make no claim of surprise as to what is in Plaintiffs' expert reports. For Dr. Abrantes-Metz, they generically claim that "general, overlapping issues … would alone require more than a day of examination in light of the scope of Dr. Abrantes-Metz's opinions." Letter Motion at 3. For Dr. Officer, Defendants disingenuously assert that "it also will require substantial time simply to manipulate his massive, evolving data outputs," as though defense counsel will be examining Dr. Officer's data sets during the deposition, and also ignoring that Defendants' own experts also had their own complex data sets. *Id.* at 4. Plaintiffs had to depose *seven* experts put forth by Defendants, who had their own complex and overlapping analyses, collectively covering *over 1000 pages* (two of these reports are *each* over 250 pages), yet Plaintiffs took each of these depositions in seven hours or less.

Defendants try to obscure the issues at hand and make it appear as though the deposition of Dr. Abrantes-Metz will be orders of magnitude more complicated than Plaintiffs' depositions of each of Defendants' experts. To this end, Defendants devote most of a page to a mundane bulleted list of topics from Dr. Abrantes-Metz's expert reports, as though simply listing topics from an expert report would be sufficient to establish good cause for more time. If Plaintiffs were to engage in the same exercise with Defendants' experts, such a list would take the entirety of space Plaintiffs have for this response.

Rather than point the Court to case law, Defendants point instead to several vague, and mostly unsupported, references to "practice in decades of antitrust payments litigation." *Id.* at 3. That phrase is used by Defendants to refer to three instances, including the MDL 1720 action, and two decisions from other actions that Defendants provide no citation to or further explanation of—"*Discover Financial Services v. Visa U.S.A. Inc.*" and "DOJ's anti-steering litigation with American Express." *Id.* Defendants' oblique reference to these two instances, with no citations, and zero explanation of why these are analogous situations, should be ignored. And Defendants' citation to the MDL 1720 action fares no better. The decision there is inconsistent with the caselaw cited herein in approving additional time prior to the deposition being taken. More importantly, however, Defendants have left out key context for that decision.

*B&R Supermarket, Inc., et al. v. Visa, et al.*
January 18, 2022
Page 3

Plaintiffs reviewed the letter briefing that certain of the MDL parties filed with the Court that preceded the order and transcript Defendants cite in their Letter Motion. *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 7751 (Oct. 29, 2019 letter brief), 7761 (Nov. 1, 2019 letter brief) (attached hereto). A review of the briefing makes plain the substantial differences that exist between the expert reports and circumstances in these two cases. In the briefing, the defendants note that Professor Hausman submitted reports totaling 712 pages—compared to 232 total pages for Dr. Abrantes-Metz's reports and 93 total pages for Dr. Officer's two merits reports—and that Professor Hausman was not only opining on liability issues related to Section 1 claims, but also offering opinions on the Section 2 claims certain plaintiffs had against Visa. ECF No. 7751 at 2. Further, Dr. Housman offered damages calculations and opinions. *Id.* Thus, as both a liability and expert damages expert for Section 1 and 2 claims, the Court allowed for a three-day deposition of Professor Hausman. Here, for expert reports on liability and damages that are smaller in both scope and size and relate only to Section 1 claims, Defendants seek two days of deposition for Dr. Abrantes-Metz and a day and a half for Dr. Officer. Moreover, the MDL plaintiffs explained in their letter brief that "Defendants have agreed to produce their own primary economic experts" for fourteen hours of deposition. Defendants here never made any such offer.

The MDL defendants note further in their October letter brief that three-day depositions for experts occurred in the MDL action in 2010 and in other antitrust litigation. *Id.* However, in those instances, the deposition testimony was allowed for three days where the expert was testifying as to "both core liability and damages issues" and where another expert offered opinions for liability and damages issues for Section 1 and 2 claims. *Id.* In the latter instance, defendants' letter brief made a significant argument that certain Section 2 debit monopolization claims broadened the scope of the necessary questioning; again, another argument that is inapplicable to this case. *Id.* at 2-3.

Finally, Defendants' request here is for twenty-four and a half hours of deposition testimony of Plaintiffs' liability and damages experts, while the MDL defendants obtained twenty-one hours of deposition for a plaintiffs' liability and damages expert offering broader opinions on Section 1 and 2 claims. If anything, Defendants' comparison of this action to the related MDL 1720 action demonstrates that more than one day of deposition time is not justified here.

Defendants' request for more time with Dr. Abrantes-Metz and Dr. Officer at this point reeks of gamesmanship. Given that Defendants' generalized reasons for more deposition time have existed since the inception of this case—"the number of defendants plaintiffs have sued, the substantial amount in controversy in this class action, and the inconsequential added burden of additional time to plaintiffs"—Defendants could, and should, have requested this time earlier. Instead, they strategically waited until Plaintiffs completed all of the depositions of Defendants' witnesses, ensuring that they protected their witnesses from the threat of the "inconsequential" added burden of more deposition time. Defendants' claim that there is an "inconsequential added burden" to double the deposition time for Dr. Abrantes-Metz, and to add fifty percent more deposition time for Dr. Officer is untrue, and much easier to claim when you know your experts will not be deposed any further. Defendants' request presents a significant additional burden to these witnesses and to Plaintiffs.

*B&R Supermarket, Inc., et al. v. Visa, et al.*
January 18, 2022
Page 4

While Defendants assert that "plaintiffs refuse to make either expert available for more than 7 hours" (Letter Motion at 1), Plaintiffs informed Defendants that Plaintiffs would consider a reasonable compromise.  No such compromise was presented.  Defendants apparently preferred to gamble that the Court would provide them more time.  Defendants should not be rewarded for this tactic.

Plaintiffs respectfully request that the Court deny Defendants' request for more than the presumptive seven hours of on-the-record deposition time with each of Plaintiffs' experts. Defendants are more than capable of completing the depositions of Dr. Abrantes-Metz and Dr. Officer within the seven-hour time limit, just as Plaintiffs did for each of Defendants' seven expert witnesses.

Respectfully submitted,

*s/ George C. Aguilar*

*Class Counsel and Attorneys for
Plaintiffs*

cc:    All Counsel of Record (via CM/ECF)

# ATTACHMENT 1

# Arnold & Porter

**Robert J. Vizas**
+1 415.471.3311 Direct
Robert.Vizas@arnoldporter.com

October 29, 2019

<u>**VIA ECF**</u>

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust
        Litigation*, 05-MD-1720 (MKB)(JO)

Dear Judge Orenstein:

Defendants hereby move for an order permitting a three-day deposition of
Professor Jerry Hausman.  Counsel have conferred and reached an impasse.

Plaintiffs collectively have identified 15 expert witnesses.  Defendants have
identified 13.  The parties have worked cooperatively in scheduling their depositions,
several of which already have occurred.  Most of the experts are scheduled for a single
day.  Some experts (e.g., lead liability or damages experts) are scheduled for two days.
This motion relates only to Professor Hausman, an expert for the 7-Eleven and The Home
Depot plaintiffs.  Because of the breadth of Professor Hausman's expert reports—which
span the core Sherman Act Section 1 liability issues, all aspects of damages, as well as
the separate Sherman Act Section 2 debit claims that the 7-Eleven and The Home Depot
plaintiffs assert against Visa—defendants believe that three days would be appropriate
for Professor Hausman's deposition.  Plaintiffs disagree and propose only two days.

1.   The Federal Rules of Civil Procedure establish a presumption of a single-day,
seven-hour deposition.  *See* Fed. R. Civ. P. 30(d)(1).  But Rule 30 requires that the "court
must allow additional time [for a deposition] consistent with Rule 26(b)(1) and (2) if
needed to fairly examine the deponent."  *Id*.  Pursuant to Rule 26(b)(1), discovery should
be permitted where it is "relevant" and "proportional to the needs of the case,
considering," as pertinent here, "the importance of the issues at stake in the action, the
amount in controversy, . . . the importance of the discovery in resolving the issues, and
whether the burden or expense of the proposed discovery outweighs its likely benefit."
Fed. R. Civ. P. 26(b)(1).  Plaintiffs cannot dispute that Professor Hausman is their central
expert witness on virtually all elements of their claims and that the amounts in
controversy are very significant—indeed, enormous.  In those circumstances, a three-day
deposition is proportional to the needs of the case.

**Arnold & Porter Kaye Scholer LLP**
Three Embarcadero Center, 10th Floor  |  San Francisco, CA 94111-4024  |  **www.arnoldporter.com**

**Arnold & Porter**

October 29, 2019
Page 2

2.   Professor Hausman has submitted reports totaling 712 pages, with a 323-page opening report and 389-page reply report.  He is these plaintiffs' liability expert for their core Section 1 claims against all defendants.  Professor Hausman also is the liability expert for the 7-Eleven and The Home Depot plaintiffs' separate Section 2 debit claims against Visa.  In addition, Professor Hausman is a damages expert.  For both sets of plaintiffs, he proffers the basis for the but-for worlds that underlie their damages claims.  For the more than 60 7-Eleven plaintiffs, he then separately calculates each plaintiff's claimed individual damages.

3.   Professor Hausman has identified seven separate defense experts who respond to his opening report and whose reports Professor Hausman addresses in his Reply Report.  *See* Hausman Reply Rep. ¶¶ 2–3 and n.4–5.  Plaintiffs will depose those seven experts for a total of at least *ten* days.  Two of the defense experts—Professors Kevin Murphy and Kenneth Elzinga—address many of the same core liability issues.  The other experts—Andres Lerner (focus on Visa Section 2 claims), Justin McCrary (focus on Mastercard's lack of market power), David Teece (liability issues), David Kaplan (damages, including but-for worlds), and R. Garrison Harvey (Visa-specific damages)— do not overlap materially.  Even if one adjusted for the overlap between Professors Murphy and Elzinga, plaintiffs would be using a minimum of eight deposition days with defendants' experts to address the subject matters that Professor Hausman addresses.

4.   Defendants' request for a three-day deposition of Professor Hausman is consistent with precedent.  In 2010, class plaintiffs produced their lead expert Alan Frankel for three days of deposition.  Unlike any of defendants' experts, Frankel addressed both core liability and damages issues for the class plaintiffs.

Twelve years ago, Professor Hausman himself was deposed for three days based on his reports in litigation brought by Discover against Visa and Mastercard, in which the plaintiff was also represented by Constantine Cannon.  Professor Hausman was the liability expert for Discover's Section 1 claims against both Visa and Mastercard, advanced a separate Section 2 debit liability theory against Visa, constructed but-for worlds relevant to damages, and also calculated claimed damages.

Here, beyond the Section 1 claims asserted by all plaintiffs, Professor Hausman advances identical pre-Durbin Amendment Section 2 debit monopolization claims against Visa based on exclusive issuer agreements, as he did (unsuccessfully) in *Discover*.  *See Discover Financial Services v. Visa U.S.A. Inc.*, 598 F. Supp. 2d 394, 405–06 (S.D.N.Y. 2008) (granting Visa summary judgment as to debit monopolization).  In addition, he now puts forward an entirely new set of Section 2 theories based on Visa's post-Durbin Amendment debit strategies, in which he labels anticompetitive seven different aspects of

# Arnold & Porter

October 29, 2019
Page 3

Visa's post-Durbin strategies and other conduct.  Even as to his pre-Durbin claim, in his reply report, he offers an entirely new series of opinions that he did not present in his opening report or in the *Discover* litigation.  *See* Hausman Reply Rep. ¶ 531 ("[N]one of these facts were before Judge Jones.").  The scope of Professor Hausman's opinions here is therefore at least as broad, and likely broader, than in *Discover*, in which the same Plaintiffs' counsel agreed to produce Professor Hausman for three days.

5.   More than two deposition days with Professor Hausman also would be consistent with the two days of testimony for which the Target plaintiffs will produce Professor Robert Harris, who is their primary Section 1 liability expert as well as an expert addressing the alleged but-for world on which those plaintiffs base their damages claims.  Unlike Professor Hausman, Professor Harris does not attempt to support a Section 2 debit claim against Visa.  Nor does Professor Harris undertake the calculation of the Target plaintiffs' damage amounts, which is left to a separate expert.  Professor Hausman's incremental Section 2 debit monopolization opinions (to which he devotes 127 pages in his reply report) and individual damages calculations justify an extra day.  Three days with Professor Hausman is also consistent with plaintiffs receiving two days with several defense experts who address only liability or only damages.

6.   Finally, given the magnitude of this litigation, there would be no significant burden or expense for Professor Hausman or plaintiffs if Professor Hausman were to sit for another day of testimony.  The parties have agreed that the scheduling of a three-day deposition of Professor Hausman will not affect the overall case schedule.

In light of the multiple issues at stake in multiple actions, the importance of Professor Hausman's testimony on all central issues in the litigation, an amount in controversy in the "billions," and the lack of significant burden or expense, three days of deposition testimony is appropriate to allow defendants to fairly examine Professor Hausman.  Defendants respectfully request that the Court order a three-day deposition of Professor Hausman.

Respectfully Submitted,

/s/ Robert J. Vizas

Robert J. Vizas
Counsel for the Visa Defendants

cc:      Counsel of record (via ECF)

# ATTACHMENT 2

November 1, 2019

**BY ECF**

The Honorable James Orenstein
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 05-md-1720 (MKB)(JO)

Dear Judge Orenstein:

On behalf of the 7-Eleven Plaintiffs and The Home Depot, we write in response to Defendants' letter motion, DE [7751], to depose Professor Jerry Hausman—alone among all the experts in this litigation— for **21 hours** over three days.  Defendants' request is excessive and unjustified, and they have not met their burden of providing specific and concrete grounds supporting a finding of good cause to justify it.  We agree with Defendants that this is a large and important case and that Professor Hausman's economic opinions are substantial and informative.  Nevertheless, 21 hours of on-the-record deposition time would be an exhausting endeavor for any expert, including Professor Hausman, and raises the concern that Professor Hausman's deposition will become an endurance test unrelated to the merits of his opinions and methods.

The 7-Eleven Plaintiffs and The Home Depot have agreed to 14 hours of deposition, which should be sufficient for Defendants to question Professor Hausman about his methods and opinions.  That is the same amount of time that Defendants asked for the deposition of the Target Plaintiffs' expert economist, Professor Robert Harris, and the same amount of time that Defendants have agreed to produce their own primary economic experts, Professors Elzinga and Murphy.  At this time, Defendants have not provided good cause why 14 hours with Professor Hausman are insufficient.  *See* Advisory Committee Notes to 2000 Amendment to Fed. R. Civ. P. 30(d)(1) ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."); *Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 3:06-CV-232 (CFD), 2006 WL 1525970, at *2–3 (D. Conn. May 25, 2006) ("the moving party must present the court with information specific to the deposition sought to be extended which would allow the court to undertake a Rule 26(b)(2) analysis").

Nor could Defendants provide good cause at this time, given that they have yet to question Professor Hausman.  "'[T]he better practice is for the deposition to go forward to determine how much is able to be covered in the [14] hours and then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period.  If the parties cannot reach a stipulation, then Court intervention may be sought.'"  *Id.* (quoting *Malec v. Trs. of Boston Coll.*, 208 F.R.D. 23, 23 (D. Mass. 2002)).  For example, if "defendants' insistence on asking a great many questions of minimal (if any) relevance, as well as many needlessly argumentative questions, is primarily responsible for their failure to address all of the topics on which they wished to question," then the additional time requested by Defendants would not be warranted or much less time would be warranted.  *Jarrar v. Harris*, No. 07-CV-3299 CBA JO, 2008 WL 4384462, at *1 (E.D.N.Y. Sep. 22, 2008).

Defendants' skilled examiners should be able to cover all necessary topics with Professor Hausman in 14 hours.  If unusual circumstances make that impossible, Defendants have the right to seek the Court's leave for further examination time based on a specific and concrete showing why additional time is necessary.  *See Gen. Elec.*, *supra*; *Jarra*, *supra*.

None of the rationales offered by Defendants justifies subjecting Professor Hausman to 21 hours of deposition time in this case.  Defendants first point to "the needs of the case."  DE [7751] at 1.  But the needs of the 7-Eleven Plaintiffs' and The Home Depot's case are no different than the needs of the Target Plaintiffs' case, whose expert economist Defendants will depose in 14 hours.  Professor Hausman and Professor Harris both offer liability and damages opinions, covering both credit and debit, which concern the core restraints and conduct at issue in this case.  Both Professor Harris and Professor Hausman also (i) proffer the bases for the but-for worlds that underlie each plaintiff-group's damages claims and (ii) offer benchmarks for competitive credit and debit interchange and network fees that each plaintiff would have paid but for the anticompetitive conduct.

There is no justification for Professor Hausman being subjected to additional deposition time beyond the 14 hours that Defendants have deemed sufficient for Professor Harris.  Defendants' argument, that the 7-Eleven Plaintiffs and The Home Depot assert a claim under the Sherman Act § 2 and therefore Professor Hausman should be treated differently, DE [7751] at 2, elevates form over substance.  Like Professor Hausman's reports, Professor Harris's reports also contain extensive discussion and opinions on the debit market and Visa's and Mastercard's substantial market power and anticompetitive conduct in the debit market.[1]  Defendants fare no better with their argument that Professor Hausman, unlike Professor Harris, calculates damages.  While the Target Plaintiffs employ a separate expert to perform the mechanical calculation of damages, that area of inquiry does not justify 7 hours of additional time.  It is unlikely that Defendants really need to spend many hours scrutinizing Professor Hausman's arithmetic.  But, again, if they take 14 hours of deposition time and can demonstrate they need more time to probe the actual calculations, they can apply for the necessary extra time, based on a concrete record.

Second, Defendants point to the number of pages in Professor Hausman's reports (712).  DE [7751] at 2.  Page-counting arguments carry little weight.  For one thing, the only reason why Professor Hausman's reply report was so lengthy was because he had to respond to similar arguments lodged in slightly different ways by an assortment of Defendants' experts who covered the same ground in a duplicative and inefficient manner.  To examine Professor Hausman on his opinions, Defendants will not need to go over every page in which Professor Hausman responds to the similar arguments made by their seven rebuttal experts.  Moreover, if the number of pages should guide the analysis, that would not explain why Defendants are seeking 21 hours with Professor Hausman and 14 hours with Professor Harris, whose two reports for the Target Plaintiffs are a combined 932 pages.

Third, Defendants point to how Professor Hausman had to reply to seven of Defendants' own rebuttal experts.  DE [7751] at 2.  This is a curious argument: Defendants are entitled to

---

[1] Professor Harris largely discusses credit and debit in the same sections of his reports.  In addition to those discussions, Professor Harris devotes another 163 pages to debit.  Professor Hausman comparably devotes 207 pages to debit.

more time to depose Plaintiffs' expert because Defendants chose to proffer excessive and duplicative expert testimony.  Defendants' approach to expert testimony justifies additional depositions of Defendants' experts, not Plaintiffs'.

Defendants' last (and least) point is the three days of testimony by the class plaintiffs' expert, Dr. Alan S. Frankel, nearly a decade ago, and Professor Hausman's three days of testimony in litigation brought by Discover Financial Services against Visa and Mastercard over a decade ago.  Both those depositions have no bearing on how long it might take to examine Professor Hausman on his opinions in this case.  And neither fact provides the specific showing required to support Defendants' request of Professor Hausman a decade later.[2]  To the extent Defendants' argument reduces to the assertion that, because Professor Hausman once was deposed for three days in a payment-card case a decade ago, then he is always subject to three-day depositions, that exceedingly general argument should be rejected.  *See Gen. Elec.*, 2006 WL 1525970, at \*2–3 ("the moving party must present the court with information specific to the deposition sought to be extended which would allow the court to undertake a Rule 26(b)(2) analysis").

Accordingly, Defendants' request that the Court order Professor Hausman to be subjected to 21 hours of deposition time should be denied without prejudice.  If, after having efficiently examined Professor Hausman for 14 hours, Defendants legitimately conclude that additional time is required to examine him and are able to make a showing of good cause for doing so, Defendants may elect to renew their motion at such time.

Respectfully submitted,

/s/ Jeffrey I. Shinder
**CONSTANTINE CANNON LLP**
*Counsel for the 7-Eleven Plaintiffs*

/s/ Steig D. Olson
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
*Counsel for The Home Depot*

---

[2] Dr. Frankel offered wholly different opinions on behalf of a purported class consisting of all U.S. merchants.  And the Discover litigation was a different case, predominantly involving Discover's inability to engage in third-party issuance and acquiring—issues which have no bearing on this litigation.  To the extent there was any commonality with this litigation on the debit-monopolization claim against Visa, that warrants less time to depose Professor Hausman, as Visa was represented by Arnold & Porter in the Discover litigation, as well.