PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: (202) 223-7356
EMAIL: KGALLO@PAULWEISS.COM

BEIJING         SAN FRANCISCO
BRUSSELS        TOKYO
HONG KONG       TORONTO
LONDON          WASHINGTON, DC
LOS ANGELES     WILMINGTON

December 26, 2024

By ECF

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *B & R Supermarket, Inc., et al.* v. *Visa, Inc. et al.*, 17-cv-02738-MKB-JAM (E.D.N.Y.)

Dear Chief Judge Brodie:

Defendants Visa and Mastercard ("Defendants") respond to Plaintiffs' December 20, 2024 Letter (ECF No. 964) concerning Judge Hellerstein's decision not to revisit the MDL 1720 court's application of *Illinois Brick*. *See Target Corp., et al.* v. *Visa, Inc., et al.*, No. 1:13-cv-03477-AKH, and *7-Eleven, Inc., et al.* v. *Visa Inc., et al.*, No. 1:13-cv-04442-AKH (S.D.N.Y.), ECF Nos. 183 & 96, respectively (Dec. 18, 2024) ("SDNY Order").

Judge Hellerstein's decision to apply the "law of the case" from MDL 1720 (SDNY Order at 1–2) did not address the legal question on which Defendants seek appellate guidance before significant further resources are expended in this matter—i.e., whether there is a legally relevant distinction between "direct payor" and "direct purchaser" for *Illinois Brick* purposes. The decision thus does not address that every appellate court that has applied the *Illinois Brick* test to the payments card industry has held that the appropriate legal test is whether plaintiffs are "direct payors" of the payment card charges at issue and does not address that no appellate court has held that an "indirect payor" may be a "direct purchaser." *See* ECF No. 953–1, at 5–9.

Similarly, Judge Hellerstein's assessment of the factual record in *MDL 1720* (SDNY Order at 4) does not change that the *B&R* parties have long *agreed* that issuing banks submitted EMV chargebacks to acquiring banks and that acquiring banks (and other intermediaries) chose not infrequently to absorb EMV chargebacks rather than pass them on to merchants. *See* ECF No. 953–1, at 4. Judge Hellerstein only cites MDL 1720 evidence as to the payment of "interchange fees" and explained that the plaintiff in *Paycom Billing Services* v. *Mastercard International Inc.*, 467 F.3d 283, 291–92 (2d Cir. 2006), lacked standing because it was undisputed in that case that "chargebacks were imposed on banks, not merchants." SDNY Order at 5. Although Defendants disagree with Judge Hellerstein's analysis of the evidence in MDL 1720, the lack of a factual dispute in *B&R* that acquirers directly pay chargebacks to issuers provides a record on which the

Second Circuit can "quickly and cleanly" address whether there is a legal distinction between "direct payor" and "direct purchaser." *See* ECF No. 953–1, at 3.

Finally, even assuming that Judge Hellerstein's decision were applicable to this case, there would still be a "substantial ground for a difference of opinion" given the broader context of the relevant appellate decisions. *See id*. at 5–9.

Defendants respectfully request that the Court certify the *B&R* litigation for interlocutory review to allow for prompt appellate guidance on the application of *Illinois Brick* to the instant case.

Respectfully,

*/s/ Kenneth A. Gallo*
Kenneth A. Gallo

cc: Counsel of Record, via ECF