UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

VISA, INC., et al.,

    Defendants.

Case No. 1:17-cv-02738-MKB-JAM

<u>CLASS ACTION</u>

---

**DECLARATION OF GEORGE C. AGUILAR
IN SUPPORT OF PLAINTIFFS' MOTION FOR
<u>PRELIMINARY APPROVAL OF SETTLEMENT WITH DISCOVER AND AMEX</u>**

I, GEORGE C. AGUILAR, declare as follows:

1.  I am a partner with the law firm Robbins LLP, Class Counsel and one of the counsel of record for plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market), Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), and Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) (collectively, "Plaintiffs") in the above-captioned action.  I am a member in good standing of the Bar of the State of California, and I have been admitted to practice *pro hac vice* before this Court.

2.  I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlement with Discover and Amex ("Motion").  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

3.  The Parties[1] have completed both fact and expert discovery and have generated a gigantic discovery record.  Defendants made dozens of productions in response to Plaintiffs' discovery requests, producing hundreds of thousands of documents each—and in Visa's case, producing more than 700,000 documents.  Plaintiffs also subpoenaed dozens of third parties, including primarily acquirers, and received hundreds of thousands of documents in response.  In total, Plaintiffs received 1.97 million documents, spanning tens of millions of pages.  Plaintiffs devoted significant attorney resources to reviewing and analyzing these documents.  Plaintiffs responded to requests for admission from Discover and Mastercard and responded to and propounded interrogatories to/from each of the Defendants.  Plaintiffs also took, attended, or defended seventy-one depositions, some of which were multiple days long due to coordination with the multi-district litigation, *In re Payment Card Interchange Fee & Merchant Discount Antitrust*

---

[1] Unless otherwise defined, all capitalized terms have the same meaning set forth in the memorandum in support of Plaintiffs' Motion, filed herewith.

- 1 -

*Litigation*, No. 05-md-01720-MKB-JAM (E.D.N.Y. initiated October 20, 2005) for purposes of discovery.

4. The Parties' expert discovery efforts were equally robust. Plaintiffs had two experts: Dr. Micah Officer and Dr. Rosa M. Abrantes-Metz. Dr. Officer is a Professor of Finance at Loyola Marymount University, has been an editor and reviewer for the *Journal of Financial Economics*, the *Journal of Law and Economics*, the *European Economic Review*, and the *Journal of Accounting and Economics*, and has published dozens of peer reviewed articles involving quantitative analysis of large datasets. Dkt. No. 942 at 43-44; Dkt. No. 946 at 43-44. Dr. Abrantes-Metz is an economist specializing in industrial organization, econometrics, and asset pricing, who is a Managing Director at BRG,[2] and who focuses her work on "conspiracies, fraud, and the detection of cartel behavior – including price-fixing conspiracies – through various empirical 'screening' methods." Dkt. No. 942 at 7-8; Dkt. No. 946 at 7-8. Defendants retained seven expert witnesses of their own, including one each for Discover and Amex, and Class Counsel analyzed each of their reports with the help of Plaintiffs' own experts.

5. Amex filed a notice of appeal on August 27, 2024, appealing the Court's August 14, 2024 order on Amex's motion to compel arbitration "insofar as that Order refused American Express Company's request for a stay pending arbitration of all proceedings on claims brought by plaintiffs that are bound by Amex's standard card acceptance agreement." Dkt. No. 941. Plaintiffs and Amex fully briefed that appeal, but subsequently filed a motion to adjourn oral argument and to hold the appeal in abeyance, which was granted on April 30, 2025.

---

[2] Dr. Abrantes-Metz was previously a Managing Director and Principal at Global Economics Group, from 2011-2020 (as referenced in the Court's *Daubert* order) and a Principal at The Brattle Group from 2020 – 2023.

6.  Plaintiffs and Discover attended a full-day in-person mediation on December 6, 2024, in New York, NY, utilizing the Hon. Layn R. Phillips (Ret.) of Phillips ADR Enterprises, P.C. as the mediator (the "Mediator"). At the conclusion of this mediation, as the result of a mediator's proposal, Plaintiffs and Discover reached agreement on a settlement in principle. Over the next few weeks, Plaintiffs and Discover negotiated and drafted a stipulation of settlement, which was executed on February 10, 2025. Plaintiffs and Discover thereafter negotiated and executed an amended stipulation of settlement on June 6, 2025 (the "Discover Stip."). A true and correct copy of the Discover Stip. is attached hereto as Exhibit 1.

7.  Similarly, Plaintiffs and Amex attended a full-day in-person mediation on March 28, 2025, in New York, NY, again utilizing the Mediator. Again, through a mediator's proposal, Plaintiffs and Amex were able to reach a settlement in principle at the conclusion of the day of mediation. Thereafter, Plaintiffs and Amex negotiated and drafted a stipulation of settlement, which was executed on May 16, 2025 (the "Amex Stip."). A true and correct copy of the Amex Stip. is attached hereto as Exhibit 2.[3]

8.  Robbins LLP is a nationally recognized shareholder rights law firm dedicated to the prosecution of shareholder derivative and class action lawsuits. Since its inception, the firm has been dedicated to complex litigation, and we have achieved significant victories on behalf of shareholders, classes, and companies across the country. The firm has recovered more than $1 billion of value for its clients, classes they represent, and institutions in which they have invested. The firm has received numerous accolades for its work in complex litigation. A true and correct copy of the Firm Resume is attached hereto as Exhibit 3.

---

[3] The settlement agreements memorialized in the Discover Stip. and Amex Stip. are collectively referred to herein as the "Settlement."

9. Class Counsel have a well-developed understanding of the factual and legal landscape of the action. We are confident that our extensive review of the sizeable evidentiary record, combined with our thorough understanding of the legal landscape, have given us enough information to conclude that the Settlement is in the best interests of the Class. Our understanding of the case has been shaped further by the significant motion practice in this case, giving us a chance to reflect not only on our own theories, but the competing theories that will be advanced by Defendants at trial. In Class Counsel's view, the Settlement is an excellent result for the Class.

10. Further litigation would mean preparing for trial with Amex and Discover (in addition to Visa and Mastercard). Pre-trial, trial, and post-trial briefing and preparation alone would entail significant efforts. As issuers themselves, the motivations of Amex and Discover include different considerations than those driving Visa and Mastercard, thus adding another layer of complexity to a trial with them as defendants. Amex and Discover also each have their own expert witness, which would further add to the complexity at trial and beyond. Having two additional defendants at trial would also increase the likelihood of post-trial appeals, and the number of issues involved in any such appeals. I expect further litigation to include the litigation of issues including *Illinois Brick* arguments, claims that Plaintiffs' liability expert has analyzed the market incorrectly from a one-sided perspective, claims of "follow the leader" behavior as distinguished from conspiratorial conduct, damages calculations, and complex factual issues relating to EMV certification, preparation, and merchant readiness.

11. Amex has raised the presence of its Card Acceptance Agreement with certain merchants as a defense at numerous junctures throughout this litigation. Class Counsel expects that it would continue to do so in this matter if the Amex Settlement is not approved. These arguments add another hurdle for Plaintiffs to overcome.

12. The conclusions of Dr. Micah Officer, Plaintiffs' damages expert, have been challenged in numerous ways by Defendants' seven experts. Consistent with Defendants' experts' reports, Class Counsel expect that these experts would offer their own competing versions of damages calculations, alongside criticism of Dr. Officer's testimony and methodology at trial.

13. Dr. Officer's estimates of the chargebacks attributable to each Defendant during the Class Period are: $762,051,815 for Visa, $544,384,692 for Mastercard, $118,273,655 for Amex, and $29,775,524 for Discover, for a total of $1,454,485,686. Accordingly, the chargebacks attributable to Amex and Discover, by dollar amount, equate to 10.18% of the chargebacks attributable to Defendants during the Class Period. Thus, Visa and Mastercard, the remaining Defendants if this Settlement is approved, account for 89.82% of the chargebacks between the Defendants during the Class Period. Visa's experts have provided alternative chargeback calculations for different scenarios for each of the four defendants through its expert reports. These scenarios include figures for a three-, six-, twelve-, eighteen-, or twenty-four-month delay of the Fraud Liability Shift; along with three different scenarios: 1) a delay of only domestic debit FLS charges, 2) a delay of domestic credit and debit FLS charges, with no delay of cross-border FLS charges; and 3) a delay of credit and debit charges including a delay of cross-border FLS charges. The lowest of these figures is $24,649,294, associated with a three-month delay of only debit transactions. Discover and Amex account for $2,752,648, and $0 (N/A) of this amount, respectively (the lowest figure provided for Amex alone is $16,300,000 for a three-month delay of credit and debit transactions, without cross-border). The highest figure is $1,424,068,666 associated with a two-year delay of credit and debit transactions, including cross-border. Discover and Amex account for $29,775,524, and $89,800,000 of this amount, respectively. Visa's experts also provided a figure for a six-month delay of the debit and credit transactions, without cross-border charges (in Visa and

Mastercard's summary judgment motion they argued, among other things, that the Court should limit damages to six months and exclude cross-border chargebacks), amounting to $392,390,199. Discover and Amex account for $8,083,840, and $34,000,000 of this amount, respectively.

14. Dr. Officer has analyzed the FLS chargeback data provided by Defendants in this action and endeavored to provide a more precise estimate of the size of the Class, taking into account that some merchants may appear multiple times in the data, or appear in some Networks' chargeback data sets but not others. Based on Dr. Officer's analysis, the class likely consists of approximately 400,000 members, with an approximate lower bound of 370,000, and an approximate upper bound of 415,000 members.

15. Class Counsel believe the settlement amount achieved here represents an excellent outcome, considering the risks of the litigation, the relative market size of the settling defendants and the relative amount of the chargebacks associated with them, the cooperation agreements secured, and the vast difference in estimated damages between Plaintiffs and Defendants.

16. Class Counsel have worked with the Claims Administrator, Epiq Class Action and Claims Solutions, Inc. ("Epiq"), and with Plaintiffs' expert Dr. Officer, who has extensively analyzed the chargeback data produced by Defendants in this litigation, to develop a plan for the administration and distribution of the funds obtained in the Settlement. A true and correct copy of the plan is attached hereto as Exhibit 4.

17. Class Counsel has taken this matter on contingency without any payment of fees or expenses. Class Counsel will apply for an award of attorneys' fees not to exceed 33.3% of the Gross Settlement Fund, plus accrued interest, and seek the partial reimbursement of expenses incurred during the course of this litigation, not to exceed $2 million. Class Counsel will also seek the Court's approval of $25,000 initial service awards for the named Plaintiffs as class

representatives. These awards will be sought in recognition of Plaintiffs' long involvement in this case, hours of dedication, and service to the interests of the Class. Class Counsel will make appropriately supported submissions in support of these requests, with ample time for Class members to weigh in prior to any settlement hearing.

18. In cooperation with Epiq, Class Counsel have drafted proposed notices of the Settlement. These notices include a long form notice, a postcard notice, an email notice, a publication notice, and an advertising banner notice. True and correct copies of these notices as attached as Exhibits 7-11.

19. There are no agreements required to be identified under Rule 23(e)(3) in connection with the settlements with Discover and Amex.

20. Attached hereto are true and correct copies of the following:

| | |
|---|---|
| Exhibit 1: | Amended Stipulation and Agreement of Settlement between Plaintiffs and Discover Financial Services, dated June 6, 2025; |
| Exhibit 2: | Stipulation and Agreement of Settlement between Plaintiffs and American Express Company, dated May 16, 2025; |
| Exhibit 3: | Robbins LLP Firm Resume; |
| Exhibit 4: | Plan of Administration and Distribution; |
| Exhibit 5: | Declaration of Cameron R. Azari, Esq. Regarding Settlement Notice Plan and Distribution Plan; |
| Exhibit 6: | *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-06549-CM-RWL, slip op. (S.D.N.Y. Mar. 23, 2023), ECF No. 967; |
| Exhibit 7: | Proposed Long Form Notice; |
| Exhibit 8: | Proposed Postcard Notice; |
| Exhibit 9: | Proposed Email Notice; |
| Exhibit 10: | Proposed Publication Notice; and |

Exhibit 11:     Proposed Banner and Social Media Advertisements.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of June, 2025, at San Diego, California.

*s/ George C. Aguilar*
GEORGE C. AGUILAR

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I caused a true and correct copy of the foregoing Declaration of George C. Aguilar in Support of Plaintiffs' Motion for Preliminary Approval of Settlement with Discover and Amex, including all exhibits thereto, to be served via e-mail on the parties listed on the attached service list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 13, 2025.

*s/ George C. Aguilar*
GEORGE C. AGUILAR

**ROBBINS LLP**
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
gaguilar@robbinsllp.com

**PLAINTIFFS' COUNSEL**

| FIRM | EMAIL ADDRESSES | ATTORNEYS FOR: |
|---|---|---|
| George C. Aguilar<br>Michael J. Nicoud<br>Jacob W. Ogbozo<br>ROBBINS LLP<br>5060 Shoreham Place, Suite 300<br>San Diego, CA 92122<br>Telephone: (619) 525-3990<br>Facsimile: (619) 525-3991<br><br>John W. Devine<br>DEVINE GOODMAN & RASCO, LLP<br>2800 Ponce De Leon Blvd., Suite 1400<br>Coral Gables, FL 33134<br>Telephone: (305) 374-8200<br>Facsimile: (305) 374-8208<br><br>Thomas G. Amon<br>LAW OFFICES OF<br>  THOMAS G. AMON<br>420 Lexington Avenue, Suite 1402<br>New York, NY 10170<br>Telephone: (212) 810-2430 | gaguilar@robbinsllp.com;<br>mnicoud@robbinsllp.com;<br>jogbozo@robbinsllp.com;<br>jdevine@devinegoodman.com;<br>tamon@amonlaw.com | Class Counsel and Attorneys for Plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market), Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), and Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) |

**DEFENSE COUNSEL**

| FIRM | EMAIL ADDRESSES | ATTORNEYS FOR: |
|---|---|---|
| Damaris Hernández<br>Peter T. Barbur<br>Rebecca Spendley<br>CRAVATH, SWAINE<br>  & MOORE LLP<br>825 Eighth Avenue<br>New York, NY 10019 | dhernandez@cravath.com;<br>pbarbur@cravath.com;<br>rspendley@cravath.com | Defendant American Express Company |

| FIRM | EMAIL ADDRESSES | ATTORNEYS FOR: |
|---|---|---|
| Jeanifer Ellen Parsigian<br>Dana L. Cook-Milligan<br>WINSTON & STRAWN LLP<br>101 California St., 35th Floor<br>San Francisco, CA 94111<br><br>James F. Herbison<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive, 39th Floor<br>Chicago, IL 60601<br><br>Jeffrey L. Kessler<br>Eva W. Cole<br>Johanna R. Hudgens<br>WINSTON & STAWN LLP<br>200 Park Avenue<br>New York, NY 10166 | jparsigian@winston.com;<br>dlcook@winston.com;<br>jherbison@winston.com;<br>jkessler@winston.com;<br>ewcole@winston.com;<br>jhudgens@winston.com | Defendant Discover Financial Services |
| Kenneth A. Gallo<br>Craig A. Benson<br>Lina T. Dagnew<br>PAUL, WEISS, RIFKIND,<br>WHARTON<br>   & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC 20006<br><br>Brette Tannenbaum<br>Yahonnes Cleary<br>PAUL, WEISS, RIFKIND,<br>   WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | kgallo@paulweiss.com;<br>cbenson@paulweiss.com;<br>ldagnew@paulweiss.com;<br>btannenbaum@paulweiss.com;<br>ycleary@paulweiss.com | Defendant Mastercard International Incorporated |

| FIRM | EMAIL ADDRESSES | ATTORNEYS FOR: |
|---|---|---|
| Matthew A. Eisenstein<br>Karen C. Otto<br>Mike Rubin<br>Rosemary Szanyi<br>ARNOLD & PORTER<br>    KAYE SCHOLER LLP<br>601 Massachusetts Ave., NW<br>Washington, DC 20001<br><br>Robert J. Vizas<br>Sharon D. Mayo<br>ARNOLD & PORTER<br>    KAYE SCHOLER LLP<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA  94111 | matthew.eisenstein@arnoldporter.com;<br>karen.otto@arnoldporter.com;<br>michael.rubin@arnoldporter.com;<br>rosemary.szanyi@arnoldporter.com;<br>robert.vizas@arnoldporter.com;<br>sharon.mayo@arnoldporter.com | Defendant Visa Inc. and Visa U.S.A. Inc. |