**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA, INC., et al.,<br><br>Defendants. | Case No. 1:17-cv-02738-MKB-JAM<br><br>CLASS ACTION |

# ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS AND DIRECTING NOTICE TO THE CLASS

WHEREAS, the Court has considered the Amended Stipulation and Agreement of Settlement between Plaintiffs and defendant Discover Financial Services ("Discover") dated June 6, 2025 ("Discover Settlement Agreement"), the Stipulation and Agreement of Settlement between Plaintiffs and defendant American Express Company ("Amex") dated May 16, 2025 ("Amex Settlement Agreement"), and the Stipulation and Agreement of Settlement between Plaintiffs and defendants Visa, Inc. and Visa U.S.A., Inc. ("Visa") and Mastercard International Incorporated ("Mastercard"),[1] dated September 12, 2025 (the "Visa/Mastercard Settlement Agreement," and, with the Discover and Amex Settlement Agreements, the "Settlement Agreements,") which set forth the terms and conditions for a proposed settlement of the above-captioned class action as to Defendants and the termination and disposition of all causes of action against Defendants in the above-captioned class action with prejudice;

WHEREAS, Plaintiffs previously applied for an order granting preliminary approval of the Amex Settlement Agreement and the Discover Settlement Agreement in Plaintiffs' Motion for Preliminary Approval of Settlement with Discover and Amex ("Discover/Amex Preliminary Approval Motion"), but no order has yet been issued on that motion;

WHEREAS, this Order applies jointly to the Discover Settlement Agreement, the Amex Settlement Agreement, and the Visa/Mastercard Settlement Agreement;

WHEREAS, the Court has considered Plaintiffs' Discover/Amex Preliminary Approval Motion and Plaintiffs' Motion for Preliminary Approval of Settlement with Visa and Mastercard ("Visa/Mastercard Preliminary Approval Motion," and, together, the "Preliminary Approval Motions"), along with the memoranda of law and evidence filed in support thereof, and all other

---

[1] Discover, Amex, Visa and Mastercard are collectively referred to herein as "Defendants."

papers submitted in connection with the Settlement Agreements and the Preliminary Approval Motions, ~~XXX~~ and,

~~XXXX~~ WHEREAS, the Court held a hearing on ~~XXXXXXXXX~~, 202_ , at which the Court ~~XXXX~~ heard argument on whether the Settlement Agreements should be preliminarily approved, ~~XXXX~~

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1. The Court has considered whether the Settlement Agreements preliminarily satisfy the class action settlement requirements of Federal Rule of Civil Procedure 23. Based on its consideration, the Court hereby preliminarily approves the Settlement Agreements for class action settlement purposes, including specifically the updated Plan of Administration and Distribution contained as Exhibit 3 to the Declaration of George C. Aguilar filed along with Plaintiffs' Visa/Mastercard Preliminary Approval Motion ("Updated Plan of Administration and Distribution"), concluding that the Court will likely be able to approve the Settlement Agreements as fair, reasonable, and adequate under Rule 23(e)(2), and that the Class, already certified, still meets the criteria for certification for purposes of judgment, subject to further consideration at a hearing (the "Fairness Hearing").

2. This Order incorporates by reference the definitions in the Settlement Agreements, and, unless otherwise defined, all terms herein shall have the same meanings as set forth in the Settlement Agreements.

3. All members of the Class shall be bound by all determinations and judgments in the action concerning the Settlement Agreements, whether favorable or unfavorable to the Class.

4. The Court has subject matter and personal jurisdiction over Plaintiffs, all members of the certified Class, and Defendants.

5. Based on and pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court concluded on August 28, 2020, in its memorandum & order on Plaintiffs' renewed motion for class certification that the requirements of Rule 23(a) and (b)(3) have been met for the following class: "Merchants who incurred one or more unreimbursed chargeback(s) between October 1, 2015 through and including September 30, 2017, pursuant to the Fraud Liability Shift for the assessment of Mastercard, Visa, Discover and/or Amex payment card chargebacks (the "Class"). Excluded from the Class are members of the judiciary and government entities or agencies." Dkt. No. 725 at 9-10. The Court concludes that there have been no changes to the Class, claims, or circumstances relating to the Settlement Agreements that would disturb the Court's prior finding that the Class is certifiable. The Court therefore finds that the Class is certifiable for purposes of judgment.

6. Defendants have denied and continue to deny each and all of the claims made by Plaintiffs in the Action and have denied and continue to deny liability against themselves arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. No determination has been made by the Court regarding who is right, and there are still significant risks for the Class in establishing liability and damages at trial.

7. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

8. The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator to serve as the Administrator for the Settlement Agreements. Epiq will assist Class Counsel in effectuating and administering the Notice Plan delineated in the updated Declaration of Cameron R. Azari, Esq. Regarding Settlement Notice Plan and Distribution Plan, dated October 7, 2025 (the "Updated Azari Declaration"), submitted in connection with Plaintiffs'

Visa/Mastercard Preliminary Approval Motion. Epiq will also assist Class Counsel in preparing for the claims process and carrying out the Updated Plan of Administration and Distribution.

9. The Court appoints The Huntington National Bank, as the Escrow Agent for the Settlement Agreements.

10. Class Counsel and their designees, including the Claims Administrator and the Escrow Agent, are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreements.

11. The Court determines that given that notice of class certification was already provided to the Class, and the Class had the opportunity to opt-out, and that they were told that they would be bound by decisions by the Court if they did not, there is sufficient justification to forgo a second opportunity to opt-out of the Class. Therefore, the Court orders that Class members will have the opportunity to object to the Settlement Agreements, but will not be provided a second opportunity to opt-out of the class.

12. The Court approves the method of notice to be provided to the Class that is described in the Settlement Agreements and in the Notice Plan contained in the Updated Azari Declaration, including use of the long-form notice to be mailed and included on the Case Website and the publication notice attached to the declaration of George C. Aguilar submitted in connection with Plaintiffs' Visa/Mastercard Preliminary Approval Motion. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Class that would be bound by the Settlement Agreements and to apprise them of the Action, the terms and conditions of the Settlement Agreements, and their right to object to the Settlement Agreements; and (b) meets the requirements of ==Federal Rule of Civil Procedure 23== and due process.

13. Within 60 days following the Court's entry of this Preliminary Approval Order, the Claims Administrator shall complete the individual notice portion of the Notice Plan and the supplemental media publication portion of the plan, as described in the Updated Azari Declaration.

14. As stated in the long-form notice and publication notice, members of the Class shall have until 100 days after the Court's entry of the Preliminary Approval Order — i.e., 40 days after the last date for completion of the mail and publication notice (the "Class Objection Period") — to submit an objection to the Settlement Agreements, any request for attorneys' Fee and Expense Awards, or any request for Plaintiffs' service awards (be an "Objector"), and to file any notice to appear.

15. Such an Objector must file a written statement of objections with the Court within the Class Objection Period, and send it to the Claims Administrator and the following designees of Class Counsel and counsel for Defendants, by first-class mail and postmarked within the Class Objection Period:

>Claims Administrator: FLS Litigation Administrator, P.O. Box 6430, Portland, OR 97228-6430
>
>Designees of Class Counsel: George C. Aguilar and Michael J. Nicoud, **Robbins LLP**, 5060 Shoreham Place, Suite 300, San Diego, CA, 92122
>
>Designees of Defendant Discover: James F. Herbison and Jeanifer Parsigian, **Winston & Strawn LLP**, 35 W. Wacker Drive, Chicago, IL 60601
>
>Designees of Defendant Amex: Peter T. Barbur and David H. Korn, **Cravath, Swaine & Moore LLP**, Two Manhattan West, 375 Ninth Avenue, New York, NY 10001
>
>Designees of Defendant Visa: Robert J. Vizas, **Arnold & Porter Kaye Scholer LLP**, Three Embarcadero Center, 10th Floor, San Francisco, CA 94111 and Matthew A. Eisenstein, Rosemary Szanyi, Michael A. Rubin, Karen C. Otto, **Arnold & Porter Kaye Scholer LLP**, 601 Massachusetts Avenue, NW, Washington, DC 20001
>
>Designees of Defendant Mastercard: Kenneth A. Gallo, **Paul, Weiss, Rifkind, Wharton & Garrison LLP**, 2001 K Street, NW, Washington, DC 20006 and Brette Tannenbaum, **Paul, Weiss, Rifkind, Wharton & Garrison LLP**, 1285 Avenue of the Americas, New York, NY 10019

16. The Objector's written statement of objections must: (a) contain the words "*B & R Supermarket, Inc., et al. v. Visa, Inc., et al.*"; (b) state each and every objection of the Objector and the specific reasons therefor; (c) provide all legal support and all evidence on which the Objector relies in support of any objection; (d) state the full name, address, and telephone number of the Objector; (e) provide information sufficient to establish that the Objector is a member of the Class, including a statement by what position or authority they have the power to object on the member's behalf, and the business names, brand names, "doing business as" names, taxpayer identification number(s), and addresses of any stores or sales locations for which they seek to object on behalf of; and (f) state the full name, mailing address, email address, and telephone number of any counsel representing the Objector in connection with the objections.

17. In addition, any Objector or counsel for an Objector that desires to appear at the final approval hearing must file with the Court within the Class Objection Period, and send to the designees of Class Counsel and Defendants identified above, by first class mail and postmarked within the Class Objection Period, a separate notice of intention to appear that identifies by name, position, address, and telephone number each person who intends to appear at the final approval hearing on behalf of the Objector.

18. Prior to 30 days before the end of the Class Objection Period—i.e., within 70 days after the Court's entry of this Preliminary Approval Order—Class Counsel will file all motions and supporting papers seeking the Court's approval of any Fee and Expense Award and Plaintiffs' service awards with respect to the their representation of merchants in the Action. Class Counsel will provide notice of such motions and any additional details to members of the Class by causing all such motions and supporting papers, and any additional details regarding the Updated Plan of

Administration and Distribution, to be posted prominently on the Case Website prior to, or simultaneously with, their filing with the Court.

19. Within 115 days after the Court's entry of the Preliminary Approval Order, the Claims Administrator shall prepare a report, and cause it to be filed with the Court and provide it to the following designees of Class Counsel and counsel for Defendants:

> Designees of Class Counsel: George C. Aguilar and Michael J. Nicoud, **Robbins LLP**, 5060 Shoreham Place, Suite 300, San Diego, CA, 92122
>
> Designees of Defendant Discover: James F. Herbison and Jeanifer Parsigian, **Winston & Strawn LLP**, 35 W. Wacker Drive, Chicago, IL 60601
>
> Designees of Defendant Amex: Peter T. Barbur and David H. Korn, **Cravath, Swaine & Moore LLP**, Two Manhattan West, 375 Ninth Avenue, New York, NY 10001
>
> Designees of Defendant Visa: Robert J. Vizas, **Arnold & Porter Kaye Scholer LLP**, Three Embarcadero Center, 10th Floor, San Francisco, CA 94111 and Matthew A. Eisenstein, Rosemary Szanyi, Michael A. Rubin, Karen C. Otto, **Arnold & Porter Kaye Scholer LLP**, 601 Massachusetts Avenue, NW, Washington, DC 20001
>
> Designees of Defendant Mastercard: Kenneth A. Gallo, **Paul, Weiss, Rifkind, Wharton & Garrison LLP**, 2001 K Street, NW, Washington, DC 20006 and Brette Tannenbaum, **Paul, Weiss, Rifkind, Wharton & Garrison LLP**, 1285 Avenue of the Americas, New York, NY 10019

The Claims Administrator's report shall:

(a) Confirm that the Notice Plan was carried out and that the website notice, mail notice, publication notice, and any other notice to members of the Class was provided in the manner directed by the Court; and

(b) Identify the date on which all new content on the Case Website was made available to members of the Class, and identify the dates on which the mail notice was mailed, the dates of publication notices, and the date or dates of any other notice directed by the Court.

20. The Claims Administrator's expenses for the foregoing notice, including those of any third-party vendors it uses to perform tasks necessary for the implementation or effectuation

of its duties, shall be paid from the Escrow Account. In no event shall Defendants, or other Released Party from the Settlement Agreements have any obligation, responsibility, or liability with respect to the Claims Administrator or the Notice Plan, including with respect to the costs, administration expenses, or any other charges for any notice procedures.

21. Within 125 days after the Court's entry of the Preliminary Approval Order—i.e., within 25 days after the conclusion of the Class Objection Period—Class Counsel shall file a motion and supporting papers seeking the Court's final approval of the Settlement Agreements and Class Counsel and any other party shall file papers responding to objections, if any, to any aspect of the Settlement Agreements, or to any aspect of the requests for approval of the Fee and Expense Award, or Plaintiffs' service awards with respect to their representation of merchants in the Action.

22. The Court will hold the Fairness Hearing at 11:30 am, April 27, 2026, in Courtroom 10A South, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. At that Fairness Hearing, the Court will conduct an inquiry as it deems appropriate into the fairness, reasonableness, and adequacy of the Settlement Agreements, address any objections to it, and determine whether the Settlement Agreements and the Updated Plan of Administration and Distribution should be finally approved, whether final judgment should be entered thereon, and whether to approve any motions for a Fee and Expense Award and Plaintiffs' service awards.

23. The Court stays all further proceedings in this Action as between Plaintiffs and Defendants, except for proceedings related to effectuating and complying with the Settlement Agreements and the terms of this Order, pending the Court's determination of whether the Settlement Agreements should be finally approved or the termination of the Settlement Agreements.

24. If final approval of each of the Settlement Agreements is not obtained, any that are not finally approved will become null and void, and Plaintiffs and the respective defendant(s) of any settlement agreement that is not finally approved, will revert to their positions as of the execution date of the Settlement Agreements without prejudice to their rights, claims, or defenses.

25. Pending the Court's determination of whether the Settlement Agreements should be finally approved or the termination of the Settlement Agreements, the Court enjoins the members of the Class from challenging in any action or proceeding any matter covered by the Settlement Agreements or its release and covenant not to sue provisions, and from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on its behalf, any claims being released against Released Parties as defined by the Settlement Agreements, except for proceedings in the Action related to effectuating and complying with the Settlement Agreements.

26. Neither the Settlement Agreements, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by Plaintiffs or Defendants, as to the truth or falsity of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and Defendants deny and continue to deny each and all of the claims made by Plaintiffs in the Action and of liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.

27. Below are the dates set forth by the Court in this Order:

| Event | Date |
|---|---|
| Completion of settlement notice plan to the Class | 60 days following the entry date of this preliminary approval order |
| Submission of motion for attorneys' fees, expenses, and service awards for the class representatives | 70 days following the entry date of this preliminary approval order |
| Deadline for Class members to object to the settlement | 100 days following the entry date of this preliminary approval order |
| Plaintiffs' notice to the Court confirming completion of settlement notice plan | 115 days following the entry date of this preliminary approval order |
| Submission of motion and memorandum in support of final approval of the settlement and any responses by the parties to any objections filed by any Class members | 125 days following the entry date of this preliminary approval order |
| Fairness Hearing | To be set by the Court, at least 140 days following the entry date of this preliminary approval order. |

IT IS SO ORDERED.

DATED: Brooklyn, NY
October 16, 2025

S/ Brian M. Cogan

HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE