**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | X | |
| B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET, a Florida corporation, et al., Individually and on Behalf of All Others Similarly Situated, | : : : : | Case No. 1:17-cv-02738-BMC-JAM <u>CLASS ACTION</u> |
| Plaintiffs, | : : | |
| v. | : : | |
| VISA, INC., et al., | : : | |
| Defendants. | : : | |
| | X | |

**ORDER AWARDING ATTORNEYS'**
**FEES AND EXPENSES AND APPROVING SERVICE AWARDS**

This Court, having considered the Motion for Attorneys' Fees, Expenses, and Service Awards (the "Motion") submitted by plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market) ("B & R"), Grove Liquors LLC ("Grove"), Strouk Group LLC (d/b/a Monsieur Marcel) ("Strouk"), and Palero Food Corp. and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) ("Fine Fare, and collectively, "Plaintiffs" or "Class Representatives") in the above-captioned matter (the "Action"), and all of the submissions and arguments submitted with respect to the Motion, and after having held a duly noticed fairness hearing on April 27, 2026, hereby finds as follows:

1.      The Motion seeks (1) an award of attorneys' fees of $65,594,270, or 28.31% of the $231,700,000 common fund ("Common Fund") obtained, and (2) reimbursement of $4,548,300.91 in expenses, along with any interest earned on both the attorneys' fees and the expenses.

2.      The amount of attorneys' fees requested is fair and reasonable under the percentage-of-the-fund method, which is confirmed by a lodestar "cross-check." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  Class Counsel provided for the Court detailed lodestar information and a detailed description of the work performed by Plaintiffs' counsel.  Class Counsel made the Motion, and the supporting documents are available for review by the Class at the website www.fraudliabilityshiftlitigation.com.

3.      The attorneys' fees requested by Class Counsel are appropriate and consistent with the awards in similar cases, and represent a reasonable percentage of the Common Fund, in view of the applicable legal principles and the particular facts and circumstances of the action.

4.      The attorneys' fees requested by Class Counsel were entirely contingent upon a successful outcome for the Class.  The risk undertaken by Class Counsel was significant, especially considering that this Action did not benefit from a prior or concurrent government investigation or litigation.  Among other things, Class Counsel faced risks in the motions to dismiss, the class

- 1 -

certification oppositions, the *Daubert* motions, the motions to decertify the class, and the summary judgment motions. Class Counsel also faced risks in litigating complex antitrust theories and the Supreme Court's decision in *Ohio v. American Express Co.*, 585 U.S. 529 (2018), which was issued during the litigation of this Action, and in addressing Defendants' indirect purchaser arguments based on *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Class Counsel also faced risk litigating against the vigorous efforts of experienced defense counsel representing defendants.

5.      An award of 28.31% of the $231,700,000 Common Fund is reasonable and warranted for the reasons set forth in the memorandum in support of Plaintiffs' Motion (the "Memorandum"), including, but not limited to, the following: the significant time and labor expended by Plaintiffs' counsel over nearly a decade of litigation; the broad magnitude and scope of this Action—as demonstrated by the breadth of fact and expert discovery and the motion practice engaged in by the parties—and high complexity of this antitrust Action; the risks faced by Class Counsel throughout the litigation; the quality of representation, as demonstrated by the results achieved, among other things; and public policy considerations of incentivizing private antitrust enforcement actions like this one, particularly where there is no separate government investigation or action.

6.      In addition to risking the substantial time and effort that Class Counsel invested into this case on a contingent basis, Plaintiffs' counsel also incurred $4,548,300.91 in unreimbursed expenses with no guarantee of repayment. The primary expense in this case was for experts. Together with Class Counsel's claimed expenses for discovery platform costs and deposition costs, these expenses account for 86% of Class Counsel's expense reimbursement request. As a whole, the expenses were necessarily and reasonably incurred in service of the Class, with no reimbursement or promise of repayment. Accordingly, Class Counsel's request for reimbursement of $4,548,300.91 in expenses is reasonable.

7.      Class Counsel also seek service awards for each of the three Class Representatives in this Action.  Each of the three Class Representatives has provided valuable service to the Class in maintaining this Action for nearly a decade, including through providing discovery, working with and monitoring counsel throughout the litigation, and sitting for depositions.  The requested service awards are in line with service awards granted in other comparable cases, and collectively reflect just 0.06% of the Common Fund.  Accordingly, the requested service awards are reasonable and appropriate.

8.      Therefore, upon consideration of the Motion, the accompanying Memorandum, and all documents submitted in support thereof, and based upon all matters of record in this Action, the Court hereby finds that: (1) the requested attorneys' fees are warranted and just; and (2) the requested expense were necessary, reasonable, and proper; and (3) the requested service awards are appropriate and reasonable.

Having considered the Motion, the Memorandum, including all documents submitted in support thereof, and all matters of record in this Action,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      Notice of the Motion was provided to potential Class members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements;

2.      The Court awards Class Counsel attorneys' fees of $65,594,270 (28.31% of the $231,700,000 Common Fund), and litigation expenses of $4,548,300.91, together with interest on the fees and expenses for the same time period and at the same rate as earned by the Common Fund until paid.

3.      Class Counsel shall have the sole authority to allocate and distribute any attorneys' fees and expenses awarded pursuant to this Order in a manner which, in the opinion of Class Counsel, fairly compensates Plaintiffs' counsel for their services.

4.      Service awards in the amount of $50,000 to each of the named Plaintiffs are approved, to be paid from the Common Fund.

5.      Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order.

6.      Finding that there is no just reason for delay, this Order shall constitute a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  The Clerk of the Court is directed to enter this Order on the docket.

IT IS SO ORDERED.

Brooklyn, NY
DATED: April 28, 2026

_Brian M. Cogan_
_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE