**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | X | |
| B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET, a Florida corporation, et al., Individually and on Behalf of All Others Similarly Situated, | : : : : | Case No. 1:17-cv-02738-BMC-JAM <u>CLASS ACTION</u> |
| Plaintiffs, | : : | |
| v. | : : | |
| VISA, INC., et al., | : : | |
| Defendants. | : | |
| | X | |

**MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S**
**UNOPPOSED MOTION FOR A PROSPECTIVE ORDER**
<u>**CONCERNING MISLEADING THIRD-PARTY CLAIMS FILING SERVICES**</u>

## I.    INTRODUCTION

Class action settlements commonly involve third parties that seek to profit from these settlements by filing claims on behalf of class members, often in large numbers.  It has unfortunately become more common that these services sometimes use misleading or false information to attract class members.  This Court is very familiar with these problems, including in connection with *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-MD-1720-BMC-JAM (E.D.N.Y.) ("*Interchange*") where it has dealt with these issues for years.  Class Counsel are working with Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator, which is also the claims administrator for the *Interchange* action.  Class Counsel and the Claims Administrator are thus familiar with these potential issues and have discussed how to mitigate them in connection with the settlement of this action ("Settlement").  Class Counsel recognize that the *Interchange* settlement is on behalf of a much larger class.  Nevertheless, Class Counsel believe that the experiences there can inform and improve the claims administration process here.

Accordingly, in an effort to proactively avoid or minimize the potential for members of the certified Class in this action ("Class Members") to be misled about the nature of the Settlement that has been approved here, or the claims process that will be forthcoming shortly, Class Counsel request the Court enter an order requiring certain information to be included to prospective claimants in this action in any communications from third-party filing services and in any contracts those services enter into regarding prospective claims for the Settlement.  Class Counsel have conferred with counsel for Defendants on the requested relief, and they take no position on the proposed relief and do not plan to file responses to this motion.  The proposed relief is narrowly tailored while protecting Class Members from being misled and is consistent with other orders that

have been entered by this Court and others to protect class members.  The requested relief is well within the power of the Court and will help to protect the Class.

## II.    FACTUAL BACKGROUND

On April 28, 2026, the Court entered the Unopposed Class Settlement Order and Final Judgment.  Dkt. No. 995.  The claims process has not yet begun, but Class Counsel is working with the Claims Administrator to ensure that process will start as soon as practicable.

Even though no claims forms have been sent out yet, Epiq, the Claims Administrator, has already been contacted by several entities who seek to represent claimants in connection with this Settlement.

In the *Interchange* action, misleading information from third-party claims filing services has been (and continues to be) a significant issue that has necessitated the expenditure of a great deal of time and expense from the parties, the claims administrator, and the Court.  *See, e.g.*, *Interchange* Dkt. No. 6137 at 1 (recognizing "the Court has determined that certain solicitations of class members regarding third-party claims filing services has been misleading … [and] the Court has expressed concern about additional instances of class member confusion").  This Court has also recognized that it is valuable to take proactive steps rather than wait for misinformation to be proliferated to potential claimants.  *E.g.*, *Interchange* Dkt. No. 6147 at 1 (recognizing that "[i]t is clear to the Court that the overwhelming majority of the members of the merchant class need protection from overreaching claims filing services, and I intend to provide that protection proactively.  Preventing confusion and deception before they can happen is far preferable to taking remedial measures after they happen").  The third-party claims filers issues have been so pervasive in the *Interchange* action as to warrant monthly reports at the Court's request.  *See, e.g.*, *Interchange* Dkt. No. 9848 at 1 (noting "[t]his is the thirtieth monthly report regarding third-party

claims filers following the Court's request" and describing continuing third-party claims filers issues).

## III.    PROPOSED RELIEF

To ensure that all solicitations are truthful and accurate, Class Counsel propose that all third-party claims filing companies seeking to represent Class Members in connection with this Settlement be required to include the following in any solicitation to, or engagement agreement with, prospective clients:

A.    A statement making clear that:

i.    Class Members need not use any third-party service in order to participate in any monetary relief;

ii.    The use of a third-party service will not increase any monetary relief that Class Members are eligible to receive under the Settlement;

iii.    No-cost assistance is available from the Claims Administrator and Class Counsel during the claims-filing period and that their contact information is available on the Court-approved Settlement website; and

B.    Information (including the full URL or direct link) directing Class Members to the Court-approved Settlement website for additional information.

Class Counsel further propose that:

1.    The statement and information outlined above must be included in any solicitation or marketing materials, in any form, including on company websites, social media, in mail and email solicitations, and in telephone and in-person solicitations, as well as in engagement agreements with Class Members in connection with this Settlement.

2.    Solicitations that do not contain the required statement and information (as set forth above) may be deemed misleading and following notice and an opportunity to cure, if the issues

- 3 -

are not resolved, those entities may be enjoined permanently from taking any role in the Settlement.

3.      Any entity found to have violated the Court's order shall be required to send, at their own expense, corrective notice to affected Class Members and such notice shall include the option for Class Members to void their contract with the offending entity.

4.      Any third-party claims filing services filing claims on behalf of Class Members in connection with the Settlement attest and confirm in the claims form that they are in compliance with the Court's order(s) regarding third-party filing services.

5.      Class Counsel and the Claims Administrator will continue to monitor third-party claims filing companies to ensure that they comply with any order of the Court.

6.      Class Counsel and the Claims Administrator shall provide a copy of the order to any third-party claims filing service companies seeking to represent Class Members in connection with the Settlement of which Class Counsel or the Claims Administrator are aware, and Class Counsel shall post a copy of the order on the Settlement website.

## IV.     THE COURT POSSESSES THE AUTHORITY TO GRANT THE PROPOSED RELIEF

The Court has the authority to regulate communications with class members. *See* Fed. R. Civ. P. 23(d). "In conducting an action under this rule, the court may issue orders . . . to protect class members and fairly conduct the action . . . or deal with similar procedural matters." *Id.* In enacting protections against potentially misleading information from third-party filing services, this Court recognized in *Interchange* that "[i]n a class action litigation, the court bears the responsibility to protect the class and preserve the integrity of the process, and Rule 23(d) gives the Court the discretion to meet that responsibility." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720-JG, 2014 WL 4966072, at *31 (E.D.N.Y. Oct. 3,

- 4 -

2014) (citing *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1203 (11th Cir. 1985)). Given this responsibility, "courts have taken various curative actions to 'prevent court-approved class notification materials from being nullified by competing and inaccurate information.'" *Id.* (citation omitted) (citing cases). Further, the Court recognized that, "'[w]here, as here, a district court retains exclusive jurisdiction over settlement agreements and distribution of settlement funds pursuant to those agreements, it may issue orders necessary to protect the settlement from threats by both parties and non-parties.'" *Id.* (citing *In re Visa Check/Mastermoney Antitrust Litg.*, No. CV-96-5238 (JG), 2006 WL 1025588, at *4 (E.D.N.Y. Mar. 31, 2006)).

Moreover, the Court has previously recognized the benefit of enacting protections for class members from misleading communications prior to those communications becoming a more serious issue. In *Interchange* the Court recognized that "the overwhelming majority of the members of the merchant class need protection from overreaching claims filing services, and I intend to provide that protection proactively. Preventing confusion and deception before they can happen is far preferable to taking remedial measures after they happen." *Interchange* Dkt. No. 6147 at 1.

This Court has ordered similar such relief before. *E.g.*, *Interchange* Dkt. Nos. 6137, 6147, 6193; *Interchange*, 2014 WL 4966072. Other courts have also taken steps like those proposed here to protect class members from misleading information in connection with settlement. *E.g.*, Order Regarding Third-Party Claims Filing Services, *In re College Athlete NIL Litig.*, No. 4:20-cv-03919-CW (N.D. Cal. Nov. 26, 2024), ECF No. 576 (entering order similar to that requested here regarding third-party claims filing services).

## V.    CONCLUSION

The Court has broad authority to protect the Class, and it has previously taken steps in similar cases to create guardrails for communications with class members from third-party claims

filing services.  These proactive steps are well within the Court's power and will help protect the Class from misleading information before it becomes a more serious issue.  The proposed relief is reasonable, necessary and narrowly tailored.   Class Counsel respectfully requests the Court grant this motion and enter the accompanying proposed order.

Dated: July 24, 2026

Respectfully submitted,

**ROBBINS LLP**

*s/ George C. Aguilar*

GEORGE C. AGUILAR (*pro hac vice*)
MICHAEL J. NICOUD (*pro hac vice*)
JACOB W. OGBOZO (*pro hac vice*)
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
gaguilar@robbinsllp.com
mnicoud@robbinsllp.com
jogbozo@robbinsllp.com

**DEVINE GOODMAN & RASCO, LLP**
JOHN W. DEVINE
2800 Ponce De Leon Boulevard, Suite 1400
Coral Gables, FL 33134
Telephone: (305) 374-8200
Facsimile: (305) 374-8208
jdevine@devinegoodman.com

**LAW OFFICES OF
   THOMAS G. AMON**
THOMAS G. AMON
420 Lexington Avenue, Suite 1402
New York, NY 10170
Telephone: (212) 810-2430
Facsimile: (212) 810-2427
tamon@amonlaw.com

*Class Counsel and Attorneys for Plaintiffs B & R Supermarket, Inc. (d/b/a Milam's Market), Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur*

- 6 -

*Marcel), and Palero Food Corp. and Cagueyes Food Corp.  (d/b/a Fine Fare Supermarket)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2026, I authorized the electronic filing of the foregoing, including all attachments hereto, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties and attorneys of record.

*s/ George C. Aguilar*
GEORGE C. AGUILAR
**ROBBINS LLP**
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
gaguilar@robbinsllp.com